724 S.E.2d 733

**SHENANDOAH SALES & SERVICE, INC., Plaintiff below, Petitioner**

v.

**ASSESSOR OF JEFFERSON COUNTY, Angela Banks, Defendant below, Respondent.**

Nos. 11–0248, 11–0701.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 10, 2012.

Decided Feb. 9, 2012.

David C. Tabb, Corporate Vice President of Shenandoah Sales & Services, Inc., Appearing on behalf of Petitioner.

Stephanie F. Grove, Esq., Assistant Prosecuting Attorney, Charles Town, WV, for Respondent.

KETCHUM, Chief Justice:

This is a consolidated appeal of two cases from the Circuit Court of Jefferson County wherein the circuit court dismissed two ap-

peals filed by a corporation, Shenandoah Sales & Services, Inc. ("corporation" or "Shenandoah"), disputing the Jefferson County Assessor's valuation of real estate owned by the corporation. The corporation failed to retain a lawyer to prosecute its appeals to the circuit court, and instead appeared through its vice-president, David C. Tabb. The circuit judge ordered the corporation to appear through a lawyer in circuit court and stated that the court would not accept pleadings or motions from the corporation that were not signed by a lawyer. Despite this order from the circuit court, the corporation failed to retain a lawyer and the circuit court dismissed the corporation's appeals.

The corporation's vice-president, David C. Tabb, argues that the circuit court erred by: (1) ruling that a corporation cannot be represented by a non-lawyer corporate agent in a circuit court; (2) failing to hold a hearing before dismissing both appeals; and (3) dismissing one of the appeals while there was a motion to disqualify the circuit judge pending.

After thorough consideration of the briefs, the record submitted on appeal, and the oral arguments of the parties, we affirm the circuit court's orders dismissing the two appeals.

## I. Facts & Procedural Background

David C. Tabb, the vice-president of Shenandoah Sales & Services, Inc.,[1] disputed the Jefferson County Assessor's 2010 and 2011 real estate tax assessment of property[2] owned by the corporation. The first case before us (No. 11–0248) is Mr. Tabb's appeal of the 2010 real estate tax assessment. The second case (No. 11–0701) is Mr. Tabb's appeal of the 2011 real estate tax assessment.

After objecting to the 2010 assessment, the corporation was given a hearing and present-

ed arguments and evidence before the Jefferson County Board of Review and Equalization.[3] The corporation did not retain legal counsel for this hearing before the board; instead it was represented by Mr. Tabb. The board denied Mr. Tabb's objections to the real estate tax assessment and approved the assessor's valuation of the subject property. Mr. Tabb appealed the board's ruling to the Circuit Court of Jefferson County.

Mr. Tabb sought to represent the corporation as its "agent" in the appeal to the circuit court. By letter dated March 18, 2010, the circuit court informed the corporation that:

It is a long-standing legal notion that corporations must be represented by a licensed attorney in courts of law. *Osborn v. President, Directors & Co. of the Bank of the United States*, 22 U.S. 738 [9 Wheat. 738, 6 L.Ed. 204] (1824). The State of West Virginia recognizes corporations as a separate and distinct person and a non-lawyer representing a corporation constitutes the unauthorized practice of law ...

If you wish to continue filing motions and pleadings with this Court, an attorney must enter an appearance on behalf of your corporation and sign all pleadings and motions. Any filings made by a non-attorney will not be accepted or reviewed.

The circuit court sent the corporation another letter on April 8, 2010, again stating that the corporation must retain a lawyer to proceed with the appeal of the 2010 real estate tax assessment. The corporation failed to retain a lawyer after receiving these letters from the circuit court and continued filing motions through Mr. Tabb.

Five months after informing the corporation that it must retain a lawyer to appeal the board's ruling, the circuit court dismissed the appeal of the 2010 tax assessment by order entered on September 14, 2010. The

---

1. Shenandoah is a West Virginia corporation owned solely by husband and wife David and Nadine Tabb. Nadine Tabb is the president of the corporation. David C. Tabb is the vice-president of the corporation.

2. The real estate is located at 107 Tabb Lane, Harpers Ferry, West Virginia.

3. The Legislature requires all county commissions to annually sit as a board of equalization and review "for the purpose of reviewing and equalizing the assessment made by the assessor." *W. Va.Code* § 11–3–24 [2010]. The nature and substance of Mr. Tabb's objection to the assessor's valuation is not at issue in this appeal and we therefore will not address the specific arguments before the board.

circuit court's order stated that it was dismissing the appeal because of the corporation's failure to retain a lawyer. Mr. Tabb's appeal of the September 14, 2010, circuit court order is the basis of case No. 11–0248.

The corporation also failed to retain a lawyer when it appealed the 2011 real estate tax assessment to the circuit court. The appeal concerning the 2011 tax assessment was also preceded by a hearing before the Jefferson County Board of Review and Equalization, in which Mr. Tabb was given the opportunity to present evidence and argue on behalf of the corporation. As with the 2010 hearing, the board denied Mr. Tabb's objections and approved the 2011 tax assessment on the subject property.

The circuit court dismissed the 2011 appeal by order entered on March 23, 2011, stating "[a] corporation may not represent itself *pro se* in the circuit court. It appearing to the Court that an attorney has not filed a notice of appearance on behalf of the Plaintiff Corporation, this matter is hereby DISMISSED, *sua sponte*. No further action will be taken by this Court since the appeal has not been properly filed." Mr. Tabb's appeal of the March 23, 2011, circuit court order is the basis of case No. 11–0701.

## II. Standard of Review

■ On appeal to this Court, Mr. Tabb contests the two dismissal orders entered by the circuit court. Generally, when reviewing a circuit court's decision, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syllabus Point 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997). With this standard in mind, we turn to the parties' arguments.

## III. Analysis

Mr. Tabb raises three errors in this consolidated appeal. He argues that the circuit court erred by: (1) ruling that a corporation cannot be represented by a non-lawyer corporate agent in a circuit court; (2) failing to hold a hearing before dismissing both appeals, thereby violating the corporation's due process rights; and (3) dismissing the second appeal (No. 11–0701) while there was a motion to disqualify the circuit judge pending.

### A. Can a Corporation Be Represented by a Non–Lawyer Corporate Agent in a Circuit Court?

■ Mr. Tabb's first argument is that the circuit court erred in ruling that a corporation is required to be represented by a lawyer in a trial court of record. Mr. Tabb makes three main arguments in support of this position: (1) West Virginia does not follow the general rule that a corporation must be represented by a lawyer in a trial court of record; (2) *W. Va.Code* § 11–3–25 [2010], allows an applicant to appeal a decision of the board of equalization and review through either an agent or an attorney; and (3) since Shenandoah is a closely-held corporation, consisting of only two people, the general rule requiring a corporation to be represented by a lawyer in a trial court of record should be relaxed.

■ By way of background, it is a well-settled legal principle that a corporation must be represented by a lawyer in a court of record. *See, e.g., Cottringer v. State, Dept. of Employment Sec.*, 162 Wash.App. 782, 787, 257 P.3d 667, 669 (2011) ("Because a corporation is an artificial entity, necessarily its interests in a court proceeding must be represented by a person acting on its behalf. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney."); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir.1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir.1966) ("[A] corporation can appear in a court of record only by an attorney at law."); and *Osborn v. Bank of United States*, 22 U.S. 738, 830, 9 Wheat. 738, 6 L.Ed. 204

(1824) (Chief Justice John Marshall, writing for the majority, stated, "[a] corporation, it is true, can appear only by attorney[.]").

■ Courts have offered a number of policy reasons why a corporation must be represented by a lawyer in a court of record. One court observed that, "unlike lay agents of corporations, attorneys are subject to professional rules of conduct and thus amenable to disciplinary action by the court for violations of ethical standards." Oahu Plumbing and Sheet *Metal, Ltd. v. Kona Construction, Inc.,* 60 Haw. 372, 378, 590 P.2d 570, 574 (1979). A lawyer purportedly has the legal expertise necessary to participate in litigation and other proceedings. Conversely, a non-lawyer corporate agent's lack of legal expertise could "frustrate the continuity, clarity and adversity which the judicial process demands." *State ex rel. Western Parks, Inc. v. Bartholomew County Court,* 270 Ind. 41, 44, 383 N.E.2d 290, 293 (1978). The rule is also intended to preserve the corporation as a legal entity separate from its shareholders. *Hawkeye Bank & Trust, Nat. Ass'n v. Baugh,* 463 N.W.2d 22, 24 (Iowa 1990).

In the present case, Mr. Tabb acknowledges the existence of the general rule that a corporation must be represented by a lawyer in a trial court of record. He argues, however, that West Virginia does not follow this general rule. In support of this position, Mr. Tabb relies on *Quarrier v. Peabody Ins. Co.,* 10 W.Va. 507 (1877). In *Quarrier,* the Court acknowledged the general rule that a corporation may not appear *pro se,* but held that a corporation could appear through its president to challenge the jurisdiction of the court. Similarly, in *Swartzwelder v. Freeport Coal Co.,* 131 W.Va. 276, 46 S.E.2d 813 (1948), the Court recognized that the president of a corporation could appear to contest the jurisdiction of the court and that such an appearance did not have to be by a lawyer. In both of these cases, the exception to the general rule is simply stated: a corporation does not have to retain a lawyer to contest the jurisdiction of the court. *Quarrier* made clear that, aside from the jurisdictional exception it set forth, "it is necessarily true that a corporation aggregate, can not appear in any case, *in propria personae." Quarrier,* 10 W.Va. at 519.

The present case is clearly distinguishable from *Quarrier* and *Swartzwelder.* In the case *sub judice,* Mr. Tabb is not contesting the jurisdiction of the circuit court to hear the appeal. Rather, he argues that the corporation is not required to be represented by a lawyer to prosecute the appeal. Neither *Quarrier* nor *Swartzwelder* support this proposition.

This Court has commented on whether a corporation is required to be represented by a lawyer in a trial court of record since *Quarrier* and *Swartzwelder* were decided. In *West Virginia State Bar v. Earley,* 144 W.Va. 504, 526–527, 109 S.E.2d 420, 435 (1959), this Court stated, "[a] corporation is not a natural person but is an artificial entity created by law and for that reason in legal matters it must act through duly licensed attorneys." [4]

The *West Virginia Trial Court Rules* do not allow a corporation to be represented by a non-lawyer corporate agent. Rule 4.03 of the *West Virginia Trial Court Rules* states:

Every party to proceedings before any court, except parties appearing pro se, shall be represented by a person admitted to practice before the Supreme Court of Appeals of West Virginia and in good standing as a member of its bar[.]

■ A corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity it cannot act *pro se.* It must act in all of its affairs through an agent or representative. Trial Court Rule 4.03 does not contain any provision allowing a

---

4. While *Earley* stated that a corporation must be represented by "duly licensed attorneys" in legal matters, it did not address the exception to this rule set forth in *Quarrier* and *Swartzwelder*—that a corporation does not have to retain a lawyer to contest the jurisdiction of the court. Because addressing this issue is unnecessary for resolution of the issues herein and because the validity of this exception was not raised or briefed by either party in the instant case, the Court declines to address the issue at this time. Should this issue arise in the future, the Court may consider whether *Earley* silently overruled the jurisdictional exception set forth in *Quarrier* and *Swartzwelder* and whether the policy reasons underlying this exception remain valid.

corporation to be represented through an agent or representative. Rather, a corporation is required to be "represented by a person admitted to practice before the Supreme Court of Appeals of West Virginia[.]"

Based on all of the foregoing, we conclude that the circuit court did not err when it ruled that Shenandoah was required to be represented by a lawyer in the circuit court.

Mr. Tabb next argues that despite the general rule requiring a corporation to be represented by a lawyer in a trial court of record, W. Va.Code § 11–3–25(b) [2010] permits a corporation to be represented by a non-lawyer corporate agent when appealing a decision of the board of equalization and review. W. Va.Code § 11–3–25(b) states:

> The right of appeal from any assessment by the board of equalization and review or order of the board of assessment appeals as provided in this section, *may be taken either by the applicant or by the state, and in case the applicant, by his or her agent or attorney,* or the state, by its prosecuting attorney or Tax Commissioner, desires to take an appeal from the decision of the either board, the party desiring to take an appeal shall have the evidence taken at the hearing of the application before either board, including a transcript of all testimony and all papers, motions, documents, evidence and records as were before the board, certified by the county clerk and transmitted to the circuit court as provided in section four, article three, chapter fifty-eight of this code, except that, any other provision of this code notwithstanding, the evidence shall be certified and transmitted within thirty days after the petition for appeal is filed with the court or judge, in vacation. (Emphasis added).

Mr. Tabb argues that according to the plain language of this statute, he has the authority to represent the corporation as its agent in the circuit court.

The respondent argues that the phrase "by his or her agent" contained in W. Va.Code § 11–3–25(b) renders the statute void and unconstitutional because "the Legislature may not permit a layman to practice law through a statutory grant as the regulation of the practice of law is exclusively within the jurisdiction of the judiciary."

■ Before examining whether the "by his or her agent" language in W. Va.Code § 11–3–25(b) is a legislative encroachment on this Court's power to define, regulate and control the practice of law, we will examine Mr. Tabb's actions before the circuit court and consider whether these actions constitute the practice of law. This Court, in the exercise of its constitutionally granted power to promulgate rules regulating the practice of law, has formulated the following definition of the practice of law:[5]

> In general, one is deemed to be practicing law whenever he or it furnishes to another advice or service *under circumstances which imply the possession* of [*or*] *use of legal knowledge and skill.*

> More specifically but without purporting to formulate a precise and completely comprehensive definition of the practice of law or to prescribe limits to the scope of that activity, one is deemed to be practicing law whenever (1) one undertakes, with or without compensation and whether or not in connection with another activity, to *advise another in any matter involving the application of legal principles to facts, purposes or desires;* (2) one undertakes, with or without compensation and whether or not in connection with another activity, *to pre-*

---

5. This definition was adopted by order of this Court in 1947 and last amended by Court order in 1961. In *State ex rel. Frieson v. Isner,* 168 W.Va. 758, 285 S.E.2d 641 (1981), this Court discussed our definition of the practice of law and compared it to that espoused in decisions of other state courts. We observed that:

> These decisions stress that the practice of law is not limited to the conduct of cases before courts, but also includes services rendered outside court such as "the preparation

of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law."

168 W.Va. at 768, 285 S.E.2d at 650 (citations omitted).

*pare for another legal instruments of any character;* or (3) one undertakes, with or without compensation and whether or not in connection with another activity, to represent the interest of another before any judicial tribunal or officer, or to represent the interest of another before any executive or administrative tribunal, agency or officer otherwise than in the presentation of facts, figures or factual conclusions as distinguished from legal conclusions in respect to such facts and figures.

(Emphasis added).

*Michie's West Virginia Code Annotated Court Rules, Definition of the Practice of Law,* in part, at 961 (2012).

In the instant case, Mr. Tabb's actions in the circuit court clearly constitute the practice of law under our definition. In Mr. Tabb's petition for appeal, he states that in his capacity as the corporation's agent in the circuit court, he "has filed hundreds of pages of briefs, motions, requests and orders" on behalf of the corporation. These include summary judgment motions, a motion for default judgment, and a motion to recuse the circuit judge. These motions cite to legal authority and make legal arguments.

██  Based on the plain language of *W. Va.Code* § 11-3-25(b), Mr. Tabb, acting as a corporate agent, contends that he was authorized to prosecute this appeal to the circuit court. We will therefore examine the constitutionality of *W. Va.Code* § 11-3-25(b) and consider whether the "by his or her agent" language contained in the statute, purportedly allowing a non-lawyer agent to appeal a ruling of the board of equalization and review to the circuit court, is a legislative encroachment on this Court's authority to define, regulate and control the practice of law.

██  In deciding the constitutionality of *W. Va.Code* § 11-3-25(b), we are mindful that

In considering the constitutionality of a legislative enactment, courts must exercise due restraint, in recognition of the principle of the separation of powers in government among the judicial, legislative and executive branches. Every reasonable construction must be resorted to by the courts in order to sustain constitutionality, and any reasonable doubt must be resolved in favor of the constitutionality of the legislative enactment in question. Courts are not concerned with questions relating to legislative policy. The general powers of the legislature, within constitutional limits, are almost plenary. In considering the constitutionality of an act of the legislature, the negation of legislative power must appear beyond reasonable doubt.

Syllabus Point 1, *State ex rel. Appalachian Power v. Gainer,* 149 W.Va. 740, 143 S.E.2d 351 (1965). Furthermore, "[a]cts of the Legislature are always presumed to be constitutional, and this Court will interpret legislation in any reasonable way which will sustain its constitutionality." *State ex rel. City of Charleston v. Coghill,* 156 W.Va. 877, 883, 207 S.E.2d 113, 118 (1973). With these rules of statutory construction in mind, we turn to our previous decisions addressing the Court's power to define, regulate and control the practice of law.

██  In Syllabus Point 1 of *State ex rel. Askin v. Dostert,* 170 W.Va. 562, 295 S.E.2d 271 (1982), we stated, "[t]he exclusive authority to define, regulate and control the practice of law in West Virginia is vested in the Supreme Court of Appeals."[6] The Court's power to regulate the practice of law exists inherently and by express recognition in our Constitution. We acknowledged the inherent authority courts possess to define, regulate and control the practice of law in Syllabus Point 10 of *West Virginia State Bar v. Earley, supra,* wherein we held, "[i]n the exercise of their inherent power the court may supervise, regulate and control the practice of law by duly authorized attorneys and pre-

---

**6.** *See also* W. Va.Code § 51-1-4a(e) [1945] (recognizing the Court's inherent rulemaking power). This Court has also recognized our constitutional authority to define, regulate and control the practice of law in the following cases: *In Re McMillian,* 210 W.Va. 265, 557 S.E.2d 319

(2001), *Chevy Chase Bank v. McCamant,* 204 W.Va. 295, 512 S.E.2d 217 (1998), *Matter of Dortch,* 199 W.Va. 571, 486 S.E.2d 311 (1997), and *In re Brown,* 164 W.Va. 234, 262 S.E.2d 444 (1980).

vent the unauthorized practice of law by any person, agency or corporation."

The West Virginia Constitution provides that this Court has "the power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, process, practice and procedure, which shall have the force of law." *W. Va. Const.* art. 8, § 3. The power embodied in this constitutional provision extends to supervision of the practice of law, as directly stated in Syllabus Point 1 of *Lane v. West Virginia State Board of Law Examiners,* 170 W.Va. 583, 295 S.E.2d 670 (1982), "[a]rticle eight, section one et seq. of the West Virginia Constitution vests in the Supreme Court of Appeals the authority to define, regulate and control the practice of law in West Virginia."

This Court considered a similar issue to the one in the instant case in *State ex rel. Frieson v. Isner,* 168 W.Va. 758, 285 S.E.2d 641 (1981). In *Frieson,* the Court considered whether *W. Va.Code* § 50–4–4a [1981], which authorizes a party to appear by a lay agent in *magistrate court*-not a court of record—was an unconstitutional legislative encroachment on this Court's power to define, regulate and control the practice law. The Court stated in *Frieson* that "it cannot be questioned that the Legislature cannot restrict or impair the power of the judiciary to regulate the practice of law by enacting a statute permitting or authorizing laymen to practice law ... [w]here, however, the intrusion upon the judicial power is minimal and inoffensive, and is consistent with and intended to be in aid of the aims of the Court with respect to the regulation of the practice of law, such legislation may be upheld as being in aid of the judicial power." 168 W.Va. at 777, 285 S.E.2d at 654.

Unlike *Frieson,* we find that the phrase "by his or her agent" contained in *W. Va.Code* § 11–3–25(b), allowing a non-lawyer agent to appeal a ruling of the board of equalization and review to the *circuit court* and engage in activities which constitute the practice of law, is not in aid of the aims of this Court. This statute allows either a corporation or a natural person to retain a non-lawyer representative to act as an agent on their behalf and engage in activities which constitute the practice of law in a *circuit court.* This is a clear violation of this Court's inherent and constitutional authority to define, regulate and control the practice of law. "Any enactment by the Legislature which undertakes or attempts to authorize the practice of law by a person not duly licensed by the courts or to permit laymen to engage in the practice of law, is void and of no force and effect as an attempt to exercise judicial power by the legislative branch of the government." *West Virginia State Bar v. Earley,* 144 W.Va. at 533, 109 S.E.2d at 438.

Based upon our review of our prior case law and our Constitution, we hold that the phrase "by his or her agent" contained in *W. Va.Code* § 11–3–25(b) [2010], allowing a non-lawyer agent to appeal a ruling of the board of equalization and review to the circuit court and engage in activities which constitute the practice of law, is a legislative encroachment on this Court's exclusive authority to define, regulate and control the practice of law.

Having determined that the phrase "by his or her agent" contained in *W. Va. Code* § 11–3–25(b) violates this Court's exclusive authority to define, regulate and control the practice of law, we must now consider principles of statutory severability in order to decide whether the entire statute, or merely the provision allowing an agent to appeal a ruling of the board of equalization and review, must be declared unconstitutional.

This Court has held the following with respect to the issue of severability,

A statute may contain constitutional and unconstitutional provisions which may be perfectly distinct and separable so that some may stand and the others will fall; and if, when the unconstitutional portion of the statute is rejected, the remaining portion reflects the legislative will, is complete in itself, is capable of being executed independently of the rejected portion, and in all other respects is valid, such remaining portion will be upheld and sustained.

Syllabus Point 6, *State v. Heston,* 137 W.Va. 375, 71 S.E.2d 481 (1952).[7] This analysis is proper even in the absence of a statutory severability clause. "The principle is well settled by many decisions of this Court that a statute ... may contain both constitutional and unconstitutional provisions which in substance are distinct and separable so that some may stand though others must fall. And this is true whether or not the statute in question contains a separability clause." *State ex rel. State Bldg. Comm'n v. Bailey,* 151 W.Va. 79, 93, 150 S.E.2d 449, 457 (1966). We are also mindful that

> [t]he most critical aspect of severability analysis involves the degree of dependency of statutes. Thus 'where the valid and the invalid provisions of a statute are so connected and interdependent in subject matter, meaning, or purpose as to preclude the belief, presumption or conclusion that the Legislature would have passed the one without the other, the whole statute will be declared invalid.' Syl. pt. 9, *Robertson v. Hatcher,* 148 W.Va. 239, 135 S.E.2d 675 (1964).

*Louk v. Cormier,* 218 W.Va. 81, 97, 622 S.E.2d 788, 804 (2005).

Mindful of these principles of statutory severability, we find that *W. Va.Code* § 11–3–25(b) does not meet the foregoing criteria that would require us to declare the entire statute unconstitutional. The only portion of the statute that is void and unconstitutional is the provision permitting a non-lawyer agent to appeal a decision on behalf of an aggrieved applicant to a circuit court. Aside from the provision of the statute allowing a non-lawyer agent to appeal a decision of the board of equalization and review to a circuit court, the remainder of *W. Va.Code* § 11–3–25(b) is complete in itself, capable of being executed independently of the rejected portion, and valid in all other respects.

We therefore hold that *W. Va.Code* § 11–3–25(b) is unconstitutional only insofar as the word "agent" allows an applicant's non-law-

yer representative to appeal a decision of the board of equalization and review to a circuit court. The remainder of *W. Va.Code* § 11–3–25(b), is constitutional and remains fully enforceable.[8]

■■■■ Mr. Tabb next argues that since Shenandoah is a closely-held corporation, consisting of only two people, the general rule requiring a corporation to be represented by a lawyer in a trial court of record should be relaxed. We find nothing in our jurisprudence exempting a closely-held corporation from the general rule. A number of courts have considered this argument and concluded that closely-held corporations should adhere to the general rule requiring corporations to appear through licensed lawyers. For instance, in *Richardson v. Integrity Bible Church, Inc.,* 897 So.2d 345 (Ala.Civ. App.2004), the court found that a corporation with a sole shareholder and one director could not represent itself in court. In *City of Akron v. Hardgrove Enterprises, Inc.,* 47 Ohio App.2d 196, 353 N.E.2d 628 (1973), the court found that the trial court erred by allowing a small corporation, made up only of a father and son, to represent itself during a trial. The decision to allow the closely-held corporation to represent itself injected "a great deal of error into the trial ... [t]he net result was a trial replete with improper evidence and collateral issues." *Id.,* 47 Ohio App.2d at 202, 353 N.E.2d at 634. Mindful of the problems inherent in allowing non-lawyers to practice law, we decline to exempt Shenandoah from the general rule requiring a corporation to be represented by a lawyer before a court of record.

Based on all of the above, we find that the circuit court did not err when it ruled that the corporation was required to be represented by a lawyer when appearing in the circuit court.

### B. Due Process Violation

■■■■ Mr. Tabb next argues that the corporation's due process rights were violated when the circuit court failed to hold a

---

7. *Accord Louk v. Cormier,* 218 W.Va. 81, 96–97, 622 S.E.2d 788, 803–804 (2005); Syllabus Point 3, *Frantz v. Palmer,* 211 W.Va. 188, 564 S.E.2d 398 (2001).

8. We note that *W. Va.Code* § 11–3–25(b) gives a natural person two options when appealing a ruling of the board of equalization and review to the circuit court: he or she may proceed *pro se* or be represented by a licensed lawyer.

hearing prior to dismissing the two appeals. The circuit judge informed the corporation that under well-established law, a corporation is required to be represented by a lawyer in the circuit court. In Mr. Tabb's 2010 appeal, the circuit court informed the corporation of this requirement in both March and April of 2010. Mr. Tabb chose to disregard the circuit court's mandate that the corporation retain a lawyer. Five months after informing the corporation of this requirement, the circuit court dismissed the 2010 appeal.[9]

■ In dismissing this appeal, the circuit court was exercising its inherent authority to control the practice of law. In Syllabus Points 8 and 10 of *West Virginia State Bar v. Earley, supra,* this Court held:

> The judicial department of the government has the inherent power, independent of any statute, to inquire into the conduct of a natural person, a lay agency, or a corporation to determine whether he or it is usurping the function of an officer of a court and illegally engaging in the practice of law *and to put an end to such unauthorized practice wherever it is found to exist.*
>
> In the exercise of their inherent power the courts may supervise, regulate and control the practice of law by duly authorized attorneys *and prevent the unauthorized practice of law by any person, agency or corporation.*

(Emphasis added).

An aggrieved party is entitled to file an appeal following an adverse decision from the board of equalization and review. This right, however, does not allow a corporation or one of its officers to engage in the unauthorized practice of law. The circuit court gave the corporation five months to remedy this problem, but the corporation failed to act. Under the circumstances of this case—a circuit court giving a corporation notice that it was engaged in the unauthorized practice of law and giving it a reasonable amount of time to correct the problem[10]—we find no due process violation.[11]

### C. Dismissal While Motion to Disqualify Was Pending

■ Mr. Tabb's final argument is that the circuit court erred when it dismissed the second appeal (No. 11–0701) while a motion to disqualify the circuit judge was pending. The second case in this consolidated appeal concerns the corporation's appeal from the board of equalization and review's decision approving the assessor's valuation of the subject property for the year 2011. Mr. Tabb filed a petition for appeal and a motion to disqualify Judge Sanders with the circuit court on March 18, 2011. Before this Court ruled on the motion to disqualify, Judge Sanders dismissed the 2011 appeal by order entered on March 23, 2011. The dismissal order states, "[a] corporation may not represent itself *pro se* in the circuit court. It appearing to the Court that an attorney has not filed a notice of appearance on behalf of

9. The circuit court dismissed the 2011 appeal one day after it was filed. When Mr. Tabb filed the 2011 appeal, he was fully aware and on notice that the circuit court required the corporation to obtain a lawyer. We therefore find no fault with the circuit court's decision to dismiss the case one day after it was filed, rather than giving the corporation a reasonable amount of time to retain an attorney as it did in the 2010 appeal.

10. For a case discussing this scenario, see *Szteinbaum v. Kaes Inversiones y Valores, C.A.,* 476 So.2d 247 (Fla.App. 3 Dist.1985). The court held that an initial pleading entered on behalf of a corporation by a non-lawyer was not grounds for dismissal unless the corporation failed to enter an appearance by a lawyer within a reasonable period of time after being informed of the rule prohibiting a corporation from proceeding *pro se.*

11. Mr. Tabb also argues that the corporation should not be required to obtain a lawyer to prosecute the present appeals because a different circuit judge, in an appeal concerning the 2008 tax assessment of the subject property, allowed the corporation to appear without a lawyer. The corporation cites a May 12, 2008 hearing held in that case (Civil Action No. 08–C–121), in which the prosecutor did not object to the corporation appearing without a lawyer and the circuit judge allowed the corporation to go forward without obtaining a lawyer. This decision has no bearing on the two appeals before this Court. Judge Sanders informed the corporation that, under well-settled law, it was required to obtain a lawyer and gave it a reasonable amount of time to do so. The fact that a previous circuit judge, in a matter that is not before us, allowed the corporation proceed without a lawyer does not affect Judge Sanders' ability to prevent the unauthorized practice of law from occurring in his courtroom.

the Plaintiff Corporation, this matter is hereby DISMISSED, *sua sponte.* No further action will be taken by this Court since the appeal has not been properly filed." This Court denied the corporation's motion to disqualify Judge Sanders by administrative order entered on April 6, 2011.

 Pursuant to Trial Court Rule 17.01, Judge Sanders should not have taken any action in the case until the motion to disqualify was resolved. However, we find that this error was harmless and did not affect the outcome of the case. Rule 61 of the West Virginia *Rules of Civil Procedure* states:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

In Syllabus Point 2 of *Boggs v. Settle,* 150 W.Va. 330, 145 S.E.2d 446 (1965), we held, "[o]n appeal of a case involving an action covered by the Rules of Civil Procedure, this Court will disregard and regard as harmless any error, defect or irregularity in the proceedings in the trial court which does not affect the substantial rights of the parties."

In the case *sub judice,* Mr. Tabb was not prejudiced by the circuit court's failure to stay the proceedings until the motion to disqualify was resolved. This Court determined that there was insufficient evidence to warrant the circuit judge's disqualification. Had the circuit court stayed the proceedings until April 6, 2011 (the date the motion to disqualify was denied), the circuit court's analysis of the legal issue before it would not have changed. We conclude that the circuit court's failure to stay the proceedings until the motion to disqualify was resolved was harmless error.

## IV. Conclusion

The circuit court's September 14, 2010, order dismissing case No. 11–0248, and its March 23, 2011, order dismissing case No. 11–0701 are affirmed.

Affirmed.