# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jack Bruer,**
**Defendant Below, Third-Party Plaintiff,**
**Petitioner**

**vs)   No. 17-0936** (Kanawha County 10-C-1342)

**RBM Development, LLC, a West Virginia**
**Limited Liability Company,**
**Plaintiff Below, Respondent**

**and**

**Travelers Casualty Insurance Company of**
**Connecticut,**
**Third-Party Defendant Below, Respondent**

**FILED**
**June 7, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jack Bruer, pro se, appeals the September 17, 2017, order of the Circuit Court of Kanawha County enforcing a settlement by which all parties agreed to dismiss their claims against each other. Respondent RBM Development, LLC ("RBM"), by counsel Timothy J. LaFon, filed a summary response. Respondent Travelers Casualty Insurance Company of Connecticut ("Travelers"), by counsel John Andrew Smith, filed a summary response. Petitioner filed a reply to each summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner leased premises from RBM on which he operated a barbeque restaurant. His business was insured through a policy issued by Travelers. On or about August 29, 2009, a fire caused significant damage to petitioner's restaurant. As a result of missed rental payments during

1

subsequent months, RBM filed an action against petitioner and Pam Napier.[1] Petitioner filed a counterclaim, alleging that RBM breached their lease agreement. On September 6, 2013, petitioner filed a third-party complaint, alleging that Travelers committed bad faith in its handling of the claim that petitioner filed regarding the fire at his restaurant.

On January 28, 2016, Attorney Mark Plants filed a notice of appearance as counsel of record for petitioner. Mr. Plants thereafter negotiated a settlement agreement with RBM and Travelers, by which each party would dismiss their claims against each other. The two orders dismissing petitioner's claims against Travelers, both entered October 3, 2016, specifically provided that "each party [was] to bear its own costs and attorney's fees."[2] On November 17, 2016, the circuit court entered an agreed order dismissing RBM's claim for back rent against petitioner and petitioner's claim for breach of contract against RBM, and "dismiss[ing] this case in its entirety with prejudice and strik[ing] the same from the [c]ourt's docket."

On March 28, 2017, more than four months after the entry of the November 17, 2016, order, dismissing the case, petitioner filed pro se a motion that he styled as a "motion to continue." Petitioner requested reinstatement of his case on the docket, arguing that Mr. Plants did not possess authority to settle the case on his behalf. The circuit court held a hearing on petitioner's motion on May 15, 2017, at which "[petitioner] and [Ms.] Napier admitted that they retained [Mr.] Plants as their counsel of record." By order entered September 17, 2017, the circuit court denied petitioner's motion, finding that Mr. Plants had apparent authority to settle the case on petitioner's behalf:

> Here[,] there can be no dispute as to whether [Mr.] Plants had apparent authority to act for [petitioner and Ms. Napier] inasmuch as they admit in their motion they hired [Mr.] Plants to represent them and the record reflects he filed a [n]otice of [a]ppearance, served discovery, attended [s]cheduling [c]onferences[,] and signed [o]rders.

Accordingly, the circuit court enforced the parties' settlement agreement and ruled that "this action shall remain dismissed as per the previous dismissal orders entered . . . October 3[, 2016,] and November 17, 2016."

Petitioner now appeals the circuit court's September 17, 2017, order enforcing the parties' settlement agreement. "[T]his Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a settlement agreement." *Burdette v. Burdette Realty Improvement,*

---

[1]Ms. Napier was the co-owner of petitioner's barbeque restaurant. In a scheduling order, entered October 31, 2017, we found that petitioner may not represent the interests of either Ms. Napier or Jack and Pam's, LLC in this appeal because he is a non-lawyer. *See Shenandoah Sales & Service, Inc. v. Assessor of Jefferson Cty.*, 228 W.Va. 762, 724 S.E.2d 733 (2012).

[2]The second order dismissing petitioner's claims against Travelers was entered pursuant to Rule 41(a)(1) of the West Virginia Rules of Civil Procedure and co-signed by counsel for RBM to ensure technical compliance with those rules.

*Inc.*, 214 W.Va. 448, 452, 590 S.E.2d 641, 645 (2003). In syllabus point one of *Sanders v. Roselawn Memorial Gardens*, 152 W.Va. 91, 159 S.E.2d 784 (1968), we held that "[t]he law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy."

On appeal, petitioner argues that his attorney settled his case without authority from petitioner to do so. RBM and Travelers counter that the circuit court properly enforced the parties' settlement agreement because petitioner's attorney had apparent authority to settle the case. We agree with RBM and Travelers. In *Messer v. Huntington Anesthesia Group, Inc.*, 222 W.Va. 410, 420, 664 S.E.2d 751, 761 (2008), we determined that an attorney had apparent authority to bind his clients to a settlement agreement. We found that "[w]hen an attorney-client relationship exists, apparent authority of the attorney to represent his client is presumed" and that "[w]hen an attorney appears in court representing clients there is a strong presumption of his authority to represent such clients, and the burden is upon the party denying the authority to clearly show the want of authority." *Id.* at 418-19, 664 S.E.2d at 759-60 (internal quotations and citations omitted).

Here, the circuit court found that Mr. Plants had apparent authority to bind petitioner to the parties' settlement agreement, noting that, from January 28, 2016, until November 17, 2016, when the case was retired from the court's docket, Mr. Plants acted as petitioner's attorney and "served discovery, attended [s]cheduling [c]onferences[,] and signed [o]rders." While petitioner argues that Mr. Plants did not have actual authority from him to settle the case, petitioner fails to make any showing that Mr. Plants did not have the apparent authority to do so, which flowed out of Mr. Plants' legal representation of petitioner. Therefore, based on our review of the record, we concur with the circuit court's finding that Mr. Plants had apparent authority to bind petitioner to the parties' settlement agreement. Accordingly, we conclude that the circuit court did not abuse its discretion in enforcing the settlement agreement.

For the foregoing reasons, we affirm the circuit court's September 17, 2017, order enforcing the parties' settlement agreement.

Affirmed.

**ISSUED:** June 7, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison