# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason Gibson,**
**Defendant Below, Petitioner**

**vs.) No. 21-0319** (Monongalia County 21-CAP-6)

**Heather Wiley,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Jason Gibson appeals three orders of the Circuit Court of Monongalia County comprising its judgment in favor of Respondent Heather Wiley in a dispute concerning ownership of a 2006 Toyota Scion.[1] In a March 18, 2021, order, the circuit court awarded respondent $1,500 in damages and directed petitioner to return the Scion's keys to respondent. Following petitioner's failure to return the keys, the circuit court, by order entered on March 23, 2021, awarded respondent $1,114.66 based upon respondent's documentation of the fee she paid for rekeying the car's locks. Finally, the circuit court, by order entered on March 26, 2021,

---

[1]In the proceedings below, respondent accused petitioner and his co-defendant, Clarissa Johnson, of taking her 2006 Toyota Scion without paying the full purchase price respondent was asking for the vehicle. The notice of appeal filed in this Court listed petitioner and Clarissa Johnson as appealing the judgment in respondent's favor. However, unlike petitioner, Clarissa Johnson did not sign the notice of appeal. A person who is not licensed to practice law may not represent another person's interests in a court of law. *Estate of Gomez by and Through Gomez v. Smith*, 243 W. Va. 491, 502, 845 S.E.2d 266, 277 (2020) (finding that a non-lawyer executor is not authorized to represent the interests of an estate in court proceedings); *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W. Va. 762, 768, 724 S.E.2d 733, 739 (2012) (finding that a corporation is required to be represented by a lawyer in the circuit court). Therefore, as petitioner may not represent the interests of Clarissa Johnson before this Court, we find that Clarissa Johnson is not a party to this appeal. We will also refer to petitioner as the only defendant in the proceedings below for the sake of simplicity.

granted respondent's motion to amend its March 18, 2021, order by noting the Scion's vehicle identification number ("VIN") and declaring that the Scion remained respondent's legal property. Respondent did not file a response.[2]

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, petitioner's brief, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 16, 2020, respondent filed a complaint in the Magistrate Court of Monongalia County alleging that petitioner took the Scion, and its registration and title, and attempted to transfer the Scion's title into his name without paying the full purchase price respondent was asking for the vehicle.[3] Respondent asked the magistrate court to order petitioner to return the Scion to her and to award damages. On December 4, 2020, petitioner filed an answer, stating that he paid respondent $500 for the Scion, which he claimed was respondent's asking price. At some point during the proceedings respondent regained possession of the Scion. Following a January 7, 2021, hearing, the magistrate court, by judgment order entered on January 11, 2021, awarded respondent $1,000 in monetary damages. On January 20, 2021, petitioner appealed the magistrate court's judgment to the Circuit Court of Monongalia County.

The circuit court held a bench trial on March 18, 2021.[4] After "hearing [the] representations of the parties," and reviewing the court file and various exhibits, the circuit court, by order entered on March 18, 2021, awarded respondent $1,500 "for damages, annoyance, and inconvenience" and directed petitioner to return the Scion's keys to respondent. The circuit court further ordered that "[s]hould [petitioner] fail to do so, [respondent] shall submit evidence of payment to rekey the car." Following petitioner's failure to return the Scion's keys, the circuit court, by order entered on March 23, 2021, awarded respondent $1,114.66 based upon

---

[2]Pursuant to Rule 10(d) of the West Virginia Rules of Appellate Procedure, if a respondent fails to respond to an assignment of error, we assume that the respondent agrees with petitioner's view of the issue. However, we decline to rule in petitioner's favor simply because respondent failed to file a response. *See* Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991) (holding that we will accept a party's concession only after a proper analysis shows that it is correct).

[3]According to the complaint, respondent's asking price for the Scion was $2,900.

[4]Rule 18(d) of the West Virginia Rules of Civil Procedure for Magistrate Courts provides, in pertinent part, that "[a]n appeal of a civil action tried before a magistrate without a jury shall be by trial de novo in circuit court without a jury." West Virginia Code § 50-5-12(b) similarly provides, in pertinent part, that, "[i]n the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury."

documentation of her payment of the rekeying fee. Finally, the circuit court, by order entered on March 26, 2021, granted respondent's motion to amend its March 18, 2021, order by noting the Scion's VIN and declaring that the Scion remained respondent's legal property.

Petitioner now appeals the circuit court judgment in respondent's favor. We apply the standard for reviewing an order entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner argues that respondent presented false documentation to support her claims and that the circuit court failed to accurately judge the evidence and erred in entering judgment against petitioner. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Upon our thorough review of the record on appeal, we find no clear error. Therefore, we conclude that the circuit court did not abuse its discretion in awarding judgment to respondent in the total amount of $2,614.66 and in ordering that the Scion remains respondent's legal property.

For the foregoing reasons, we affirm the circuit court's March 18, 2021, March 23, 2021, and March 26, 2021, orders comprising its judgment in respondent's favor.

Affirmed.

**ISSUED:** April 14, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton

Justice Alan D. Moats sitting by temporary assignment