IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

STEPHEN U.,
**Plaintiff Below, Petitioner**

FILED
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-118** (Cir. Ct. of Mason Cnty. Case No. CC-26-2019-C-32)

CAREN J.,
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephen U.[1] appeals the March 12, 2025, Order Lifting Abeyance and Dismissing Action from the Circuit Court of Mason County. Respondent Caren J. did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal is best described as yet another attempt by petitioner to divest respondent of her status as mother of petitioner's children based on the unrelenting assertion that petitioner is the biological mother of the children, and that respondent is merely a gestational surrogate who was improperly designated as the children's mother on their birth certificates pursuant to West Virginia Code § 16-5-10(e) (2006).[3] Because the history of the parties and their children has been thoroughly addressed in prior decisions

---

[1] Consistent with the Supreme Court of Appeals of West Virginia's long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R., II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner is self-represented on appeal.

[3] Although this provision was not substantively affected by the recent amendments to West Virginia Code § 16-5-10 (2024), we cite to the former version of the statute because it was in effect at the time the birth certificates in dispute were issued.

of the Supreme Court of Appeals of West Virginia ("SCAWV"), a recitation of the facts is unnecessary.

These matters were first addressed by the SCAWV in *S.U. v. C.J.* ("*S.U. I*"), No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019) (memorandum decision) wherein the SCAWV affirmed the Family Court of Mason County's determination that the parties' purported gestational surrogacy agreement was unenforceable, respondent is the legal mother of the children, and that it was in the children's best interest to remain in her primary custody. *Id.* at *5. In *S.U. I*, the SCAWV also specifically found: "Our review of the record uncovers no error. . . . Succinctly stated, [petitioner] failed to submit competent evidence to overcome the presumption set forth in West Virginia § 16-5-10(e) that 'the woman who gives birth to the child is presumed to be the mother[.]'" *Id.* at * 3-4.

Since *S.U. I*, petitioner has relitigated those issues in subsequent litigation and appeals. However, those attempts have been soundly rejected by the SCAWV, often on res judicata grounds. *See S.U. v. C.J.* ("*S.U. II*"), No. 19-1181, 2021 WL 365824 (W. Va. Feb. 2, 2021) (memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption I*"), No. 20-0039, 2021 WL 4935772 (W. Va. Oct. 13, 2021) (memorandum decision); *In re The Children of: S.U. v. C.J.* ("*S.U. III*"), Nos. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W. Va. Oct. 13, 2021) (memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption II*"), No. 21-0165, 2022 WL 293352 (W. Va. Feb. 1, 2022) (memorandum decision); *In re S.U.* ("*S.U. IV*"), No. 21-0258, 2022 WL 1556113 (W. Va. May 17, 2022) (memorandum decision); *see also S.U. v. Cent. Atl. Legal Grp.*, No. 20-1006, 2022 WL 293551 (W. Va. Feb. 1, 2022) (memorandum decision) (affirming circuit court's determination that petitioner is a vexatious litigant based upon petitioner's repeated attempts to relitigate issues involving C.J. and the children., including suing the law firm representing C.J. and raising the same arguments regarding surrogacy and the birth certificates); *S.U. v. C.J.* ("*S.U. V*"), No. 21-0322, 2022 WL 3905107 (W. Va. Aug. 30, 2022) (memorandum decision) (affirming the lower court's imposition of prefiling injunction against petitioner); *S.U. v. Cent. Atl. Legal Grp.*, No. 22-0441, 2023 WL 6862166 (W. Va. Oct. 18, 2023) (memorandum decision) (affirming circuit court's imposition of attorney's fees and costs against petitioner based upon vexatious conduct). Moreover, petitioner was recently unsuccessful in multiple attempts to raise the same issues before this Court. *See Stephen U. v. State*, No. 24-ICA-326, 2025 WL 1249486 (W. Va. Ct. App. Apr. 29, 2025) (memorandum decision) (concluding that petitioner's claims were barred by the doctrine of res judicata); *Stephen U. v. Caren J.*, No. 24-ICA-506, 2025 WL 1604142 (W. Va. Ct. App. June 6, 2025) (memorandum decision) (affirming the circuit court's dismissal of petitioner's complaint on res judicata and collateral estoppel grounds).

In its rulings on petitioner's subsequent appeals, the SCAWV has reiterated two important rulings from *S.U. I*.: "The first is that there was never a valid, enforceable gestational surrogacy agreement between petitioner and respondent . . . The second is that respondent is the legal mother of all four children." *S.U. III*, 2021 WL 4936476, at *1

2

(citations and quotations omitted); *Adoption II*, 2022 WL 293352, at \*1 (citations and quotations omitted); *S.U. V*, 2022 WL 3905107, at \*1 (citations and quotations omitted). *see also S.U. IV*, 2022 WL 1556113, at \* 1 ("Further, we have stressed that respondent 'is the legal mother of all four children.'") (citations omitted).

In the present case, petitioner filed a complaint against respondent in circuit court on May 28, 2019. The complaint contained allegations against respondent for breach of contract, fraud, negligent misrepresentation, unjust enrichment, promissory and equitable estoppel, constitutional due process,[4] and emotional distress. Particularly, all these claims were premised upon factual allegations surrounding the birth of the parties' twins, alleged surrogacy agreement between the parties, respondent's status as a gestational surrogate, designation of respondent as mother on the children's birth certificates, respondent receiving custody of the children, and the assertion that petitioner is the children's biological mother. As relief, petitioner sought damages, sole custody of the children, an order changing the children's birth certificates, and an order requiring respondent to relocate to Mason County as set forth in the parties' surrogacy agreement.

Significantly, at the time the complaint was filed, the family court decision now axiomatically known as *S.U. I* was on appeal to the SCAWV. On July 17, 2019, the circuit court entered an order holding further proceedings on petitioner's complaint in abeyance pending the SCAWV's resolution of *S.U. I*. The circuit court found the abeyance prudent because the issues to be decided on the appeal were germane to resolving the matters raised in the complaint. *S.U. I* was decided in November 2019. However, the case remained dormant until February 5, 2025, when petitioner filed a self-represented motion to lift the abeyance and for entry of a scheduling order.

On March 12, 2025, the circuit court entered the order presently on appeal. The court found that dismissal was appropriate because the 2019 complaint raised claims that were all fundamentally based upon the validity of the parties' surrogacy contract and petitioner's assertion that respondent has no rights to the children because she was a gestational surrogate. To that end, the circuit court determined that those issues had been rejected ad nauseum by the SCAWV through *S.U. I* and petitioner's subsequent appeals. Therefore, petitioner could not establish a right to relief in the present case.

The circuit court's order also noted that on April 14, 2021, the court entered a filing injunction against petitioner in another case which found petitioner to be a vexatious litigant and prohibited petitioner "from filing *pro se* pleadings of any form or nature related to the four (4) children of [petitioner and respondent] in the Circuit or Family Court of

---

[4] Petitioner alleged that pursuant to the United States Constitution, respondent committed sweeping violations of petitioner's due process rights, which included, among other things, the right to procreation, privacy, autonomy, association, and companionship with one's child.

Mason County[.]" The injunction required petitioner's future pleadings to be filed by a licensed West Virginia attorney. The court further noted that this injunction was affirmed by the SCAWV in *S.U. V*.

Relevant to this case, the circuit court found that while petitioner's February 5, 2025, motion violated the injunction, it declined to impose sanctions against petitioner. However, the court cautioned petitioner that future violations could result in findings of civil or criminal contempt by the court. This appeal followed.

When reviewing an appeal which stems from a circuit court's sua sponte dismissal of a petition or complaint, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997); *Shenandoah Sales & Serv., Inc. v. Assessor of Jefferson Cnty.*, 228 W. Va. 762, 766, 724 S.E.2d 733, 737 (2012) (applying standard of review to circuit court's sua sponte dismissal of case).

On appeal, petitioner raises two assignments of error challenging the circuit court's decision to dismiss the petition. First, it is argued that the circuit court erred in dismissing the complaint because the family court lacked jurisdiction to decide any claims related to the parties' surrogacy agreement in *S.U. I*. On this issue, petitioner attempts to differentiate *S.U. I* from the current case by claiming that *S.U. I* was a family court action regarding custody, whereas the present case is a circuit court action seeking remedies related to the breach of the parties' surrogacy contract. Petitioner also claims that the family court lacked jurisdiction to determine the issue of maternity in *S.U. I* because West Virginia Code § 16-5-10(e) does not specifically give family courts authority to decide such matters after the issuance of a child's birth certificate. We find that these challenges have no merit.

Pointedly, the SCAWV has already found that the family court had jurisdiction over these issues. *See S.U. I*, 2019 WL 5692550, at *5 (rejecting petitioner's argument that the family court lacked jurisdiction to decide the matter); *S.U. IV*, 2022 WL 1556113, at *4 (noting petitioner's claim that the family court lacked jurisdiction to decide *S.U. I* to be false and reiterating that the family court properly exercised its jurisdiction to arrive at its determinations in *S.U. I*.). Indeed, petitioner's arguments in this appeal, albeit repackaged, are the same stale and monotonous arguments which have been exhaustively rejected by the SCAWV in *S.U. I* or they are alternative claims, which were soundly rejected by the SCAWV in one of petitioner's many subsequent appeals.

4

While the circuit court did not specifically invoke res judicata or collateral estoppel, it appears that the court relied on one or both doctrines in finding that petitioner's claims were precluded by *S.U. I* and petitioner's subsequent appeals. With respect to res judicata, also known as claim preclusion, we apply the following three-factor test:

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W. Va. 469, 498 S.E.2d 41 (1997).

Whereas collateral estoppel, otherwise known as issue preclusion, involves the application of a four-part test:

> Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

As more thoroughly set forth in our recent decision in *Stephen U. v. Caren J.*, No. 24-ICA-506, 2025 WL 1604142, at *3 (W. Va. Ct. App. June 6, 2025) (memorandum decision), another of petitioner's cases involving the same parties and virtually identical claims, we find that both tests are satisfied here. The parties are the same as the parties in *S.U. I*, the issues are the same and the claims based on them are either the same or claims which could have been raised, there was a final merits adjudication in *S.U. I*, and petitioner had a full and fair opportunity to litigate this position in that matter. *See Stephen U. v. Caren J.*, 2025 WL 1604142, at *3-4.

Moreover, while this case was initiated in 2019 and was stayed pending resolution of *S.U. I*, it cannot be overlooked that after *S.U. I* was decided in November 2019 petitioner took no action to prosecute this action for over five years before filing the motion to lift the abeyance in February 2025. Notably, however, while petitioner idly stood on the sidelines in this case, as established above, petitioner proceeded to file other complaints and petitions throughout our state courts to litigate the same underlying claims. Critically,

the SCAWV has continued to rebuff those attempts with pronounced finality. We concur with the SCAWV's conclusions and, therefore, find that the circuit court acted within its discretion when it dismissed this case.

Petitioner's final assignment of error is that the circuit court erred by finding that petitioner's motion violated the filing injunction. Here, petitioner contends that under its plain language, the injunction only restricted petitioner's ability to file "pleadings" without the assistance of legal counsel, and that by definition, motions are not pleadings. Petitioner also claims that because there is no valid reason to require a self-represented litigant to use counsel for the purposes of filing a motion, the court's finding of a violation was clearly erroneous. We reject this argument for several reasons.

First, to the extent petitioner's argument is challenging the injunction on the merits, that claim is foreclosed by the SCAWV's decision in *S.U. V*. Second, contrary to the view of petitioner, the court's March 12, 2025, order does not hold petitioner in contempt or impose sanctions. Rather, the court found that even though petitioner acted in contravention of the filing injunction, no sanctions would be imposed, and at the risk of future sanctions, petitioner was warned not to engage in similar conduct in the future. However, in the absence of sanctions, our review of this issue stops here. Stated another way, because no formal sanctions were imposed by the circuit court, any error committed by the court on this issue is harmless.[5]

Accordingly, we find no error and affirm the circuit court's March 12, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[5] During the pendency of this appeal, petitioner filed two notices of additional authorities in this case identifying newly enacted legislation, West Virginia Code §§ 5-32-1 to -9 (2025) and West Virginia Code § 49-12-1 to -5 (2025), which petitioner contends are germane to the Court's review. However, other than offering the general assertion that the statutes apply, petitioner offers no substantive analysis as it relates to established facts from the record to support the contention that the statutes are relevant to the case. This Court will not presume facts not in the record. As such, we decline to consider those authorities in this appeal.