# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dale F.,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0594** (Marion County 18-C-187)

**Robert Peters, Marion County**
**Prosecutors Office,**
**Defendants Below, Respondents**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dale F.,[1] self-represented litigant, appeals the June 10, 2019, order of the Circuit Court of Marion County dismissing his civil action against Respondents Robert Peters and Marion County Office of the Prosecuting Attorney. Respondents, by counsel Tiffany R. Durst and Nathaniel D. Griffith, filed a response in support of the circuit court's order. Petitioner filed a reply and a supplemental reply.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In petitioner's criminal case, he was indicted in the Circuit Court of Marion County on multiple sex offenses against his minor daughter, M.F.: (1) two counts of second-degree sexual

---

[1]Due to a need to refer to petitioner's criminal case, Supreme Court No. 19-0738, in which he is appealing his convictions for sex offenses against his minor daughter, we will use the child's full initials and first names and last initials for petitioner and other family members in this decision. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]By order entered January 2, 2020, this Court granted petitioner leave to file the supplemental reply.

1

assault; (2) two counts of incest; and (3) two counts of sexual abuse by a parent, guardian, custodian, or other person of trust. Respondent Peters was the assistant prosecuting attorney assigned to the criminal case.

On or about November 20, 2018, Respondent Peters and Donald Harris, an investigator employed by Respondent Marion County Office of the Prosecuting Attorney, interviewed petitioner's former brother-in-law, Calvin S., for the purpose of developing prior bad act evidence for use at any criminal trial pursuant to Rule 404(b) of the West Virginia Rules of Evidence. According to Mr. Harris, he and Respondent Peters sought to have Calvin S. "verify[ ] the information [they] had gotten from a reliable witness" that petitioner took inappropriate photos of petitioner's sister, Melissa S., when she was a minor. Calvin S. denied knowing "anything about [petitioner] taking pictures of Melissa [S.]"

On March 18, 2019, the circuit court held a plea hearing in petitioner's criminal case in which his minor daughter, M.F., was the victim. At the plea hearing, petitioner entered *Kennedy* pleas to one count of incest and one count of first-degree sexual abuse, as a lesser included offense of second-degree sexual assault, in exchange for the dismissal of the other charges.[3] At a May 20, 2019, hearing, the circuit court denied petitioner's motion to withdraw his pleas, but deferred sentencing so that it could review petitioner's psychological evaluation report. At a July 22, 2019, hearing, the circuit court denied petitioner's renewed motion to withdraw his pleas and sentenced petitioner to five to fifteen years of incarceration for incest and one to five years of incarceration for first-degree sexual abuse with the terms to be served consecutively.[4] On August 21, 2019, petitioner appealed his convictions, and his appeal is pending in Supreme Court No. 19-0738.[5]

Between Calvin S.'s November 20, 2018, interview and the March 18, 2019, plea hearing in petitioner's criminal case, petitioner filed the instant civil action in the circuit court against respondents on December 4, 2018, and then filed an amended complaint on December 21, 2018.[6]

---

[3]Relying on *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 167-68, 27 L.Ed.2d 162, 171-72 (1970), this Court held in Syllabus Point 1 of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

[4]In denying petitioner's renewed motion to withdraw his pleas, the circuit court found that petitioner clearly understood the nature of the plea agreement and was clearly advised of the rights he would be waiving by pleading guilty.

[5]We take judicial notice of the appendix record filed in Supreme Court No. 19-0738.

[6]By the March 18, 2019, plea hearing in petitioner's criminal case, Respondent Peters no longer worked as an assistant prosecuting attorney, having voluntarily resigned from that position in December of 2018.

In the amended complaint, petitioner alleged that Respondent Peters "acted unethically and illegally in [an] attempt to convict [petitioner.]" Specifically, petitioner alleged that the only way Respondent Peters would have known to ask Calvin S. about inappropriate photos petitioner had allegedly taken of Melissa S. during their youth was if Respondent Peters had illegally accessed petitioner's sealed juvenile court file. Petitioner further alleged that Respondent Peters shared information from petitioner's sealed juvenile court file with petitioner's criminal defense attorney. Petitioner sought $1 million in damages.[7]

On January 10, 2019, respondents filed a motion to dismiss the instant civil action. Petitioner filed a response to the motion to dismiss on January 30, 2019. Respondents filed a reply to petitioner's response on February 22, 2019. Following a February 27, 2019, hearing on the motion to dismiss, the circuit court dismissed the instant civil action by order entered on June 10, 2019.[8]

Petitioner now appeals the circuit court's June 10, 2019, order dismissing his civil action. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is de novo." Syl. Pt. 1, *Roth v. DeFeliceCare, Inc.*, 226 W. Va. 214, 700 S.E.2d 183 (2010) (quoting Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995)). "[C]laims of immunities, where ripe for disposition, should be summarily decided before trial." *Hutchison v. City of Huntington*, 198 W. Va. 139, 147, 479 S.E.2d 649, 657 (1996) (Footnote omitted.). As we explained in *Hutchison*, "[t]he very heart of the immunity defense is that it spares the defendant from having to go forward with an inquiry into the merits of the case." *Id.* at 148, 479 S.E.2d at 658. "Prosecutors in West Virginia . . . enjoy absolute immunity under our common law." *Jarvis v. West Virginia State Police*, 227 W. Va. 472, 478 n.5, 711 S.E.2d 542, 548 n.5 (2010) (citing *Mooney v. Frazier*, 225 W. Va. 358, 370 n.12, 693 S.E.2d 333, 345 n.12 (2010)).

On appeal, petitioner argues that the circuit court erred in dismissing his civil action. Petitioner concedes that Respondent Marion County Office of the Prosecuting Attorney is immune from his action, but argues that Respondent Peters is liable in both his official and individual capacities. Petitioner further argues that Respondent Peters' alleged actions were investigatory rather than prosecutorial in nature.

---

[7]Both the complaint and the amended complaint listed petitioner's sister, Melissa S., as a plaintiff. Petitioner signed each complaint on behalf of himself and his sister. As a lay person, petitioner may not represent another person in judicial proceedings. *See Shenandoah Sales & Serv., Inc. v. Assessor of Jefferson County*, 228 W. Va. 762, 766, 724 S.E.2d 733, 737 (2012). While Melissa S. appeared for the February 27, 2019, hearing on respondents' motion to dismiss, only petitioner signed the notice of appeal in this Court. Therefore, we find that Melissa S. did not appeal the circuit court's June 10, 2019, order and disregard any arguments allegedly raised on her behalf.

[8]While the circuit court dismissed petitioner's civil action on various grounds, we find that it is necessary for us to address only the doctrine of prosecutorial immunity as it provides an absolute bar to the action.

In *Mooney*, we described the scope of prosecutorial immunity:

Regarding common law prosecutorial immunity, the following has been said:

Prosecutors enjoy absolute immunity from civil liability for prosecutorial functions such as, initiating and pursuing a criminal prosecution, presenting a case at trial, and other conduct that is intricately associated with the judicial process. . . . It has been said that absolute prosecutorial immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.

> The absolute immunity afforded to prosecutors attaches to the functions they perform, and not merely to the office. Therefore, it has been recognized that a prosecutor is entitled only to qualified immunity when performing actions in an investigatory or administrative capacity.

Franklin D. Cleckley, et al., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 8(c), at 213 (3d ed. 2008*). See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (extending absolute immunity to prosecutors from civil rights claims); *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (state prosecutor denied absolute immunity in suit that involved job functions that were investigatory rather than prosecutorial in nature and thus were not performed in the role as advocate for the state).

225 W. Va. at 370 n.12, 693 S.E.2d at 345 n.12. Here, petitioner argues that the development of Rule 404(b) evidence constitutes an investigatory rather than a prosecutorial function. We find that petitioner's argument is without merit. Subject to its limitations, Rule 404(b) permits the admission of prior bad act evidence in criminal trials. Respondent Peters interviewed Calvin S. for the purpose of developing such evidence after the initiation of petitioner's criminal case. As alleged in petitioner's amended complaint, Respondent Peters "acted unethically and illegally *in [an] attempt to convict [petitioner.]*" (Emphasis added.).

"[A]bsolute prosecutorial immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously[.]" *Id.* Given the allegations in the amended complaint, respondents argue that Respondent Peters is absolutely immune from petitioner's action. We agree and conclude that the circuit court properly dismissed petitioner's civil action due to the doctrine of prosecutorial immunity.

4

For the foregoing reasons, we affirm the circuit court's June 10, 2019, order dismissing his civil action.[9]

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[9]Seeking to keep his civil action alive, petitioner argues that the circuit court erred in failing to rule on his motions to add the State of West Virginia and Mr. Harris, the investigator with whom Respondent Peters interviewed Calvin S., as defendants. Petitioner further argues that the State was served with the amended complaint and identifies The Honorable Patrick Morrisey, Attorney General of West Virginia, as the State's counsel. Based on our review of the record, we find that the Attorney General was not served with the amended complaint and note that petitioner does not allege that Mr. Harris was served with the amended complaint. Moreover, we find that the circuit court's failure to rule on petitioner's motions to add the State of West Virginia and Mr. Harris as defendants did not constitute error as it did not affect the outcome of this case.

5