STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**April 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**David W.,**
**Petitioner Below, Petitioner**

**vs)   No. 20-0293** (Raleigh County 20-C-127)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner David W. appeals the April 23, 2020, order of the Circuit Court of Raleigh County dismissing his fourth petition for a writ of habeas corpus.[1]  Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Holly M. Flanigan, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 10, 2000, petitioner was indicted in the Circuit Court of Raleigh County on three counts of first-degree sexual assault; three counts of incest; nine counts of sexual abuse by a parent; and five counts of first-degree sexual abuse, all of which occurred from 1995 to 1999. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

victim was petitioner's daughter, A.W., who was approximately five years old when the events herein began and eleven years old at the time of trial.

The evidence at trial revealed that, in December of 1999, after A.W. told her school counselor that petitioner had been doing improper "sexual things" to her, West Virginia State Troopers and a caseworker from the West Virginia Department of Health and Human Resources went to petitioner's home where, with petitioner's consent, they obtained evidence that included pornographic videotapes and magazines. Before questioning petitioner about the allegations made by A.W., law enforcement officers read petitioner his *Miranda* rights. Petitioner cooperated fully with the officers and answered their questions. Petitioner then accompanied the officers to the State Police barracks where he was again informed of his rights and proceeded to give a detailed, inculpatory, written statement. Petitioner further gave a recorded statement in which he admitted to fondling his daughter's breasts and vagina and to receiving sexual gratification from those encounters. Petitioner admitted that, on two occasions, he had his daughter touch his penis and that he stripped her clothes off with the help of his young son so that he could see her naked. Petitioner stated that the activities he described happened "a lot." Petitioner told law enforcement that the incidents he described reminded him of his wife when she was younger and he liked reliving those memories through his daughter.

Prior to trial, petitioner filed a motion to suppress his statements and the items seized during the search of his home. The circuit court held a suppression hearing on February 8, 2001, during which petitioner argued that he did not voluntarily, knowingly, and intentionally waive his right to counsel. The circuit court denied petitioner's motion.

At trial, the victim testified that petitioner took her clothes off and touched her breasts on many occasions; that, more than twice, he touched her vagina; that he had her touch his penis two times; that petitioner wanted her to be a stripper when she grew up; that petitioner and her brother would wrestle with her and have her play a game that required her to take off her clothes; that petitioner showed her and her young cousins a pornographic cartoon movie; and that she had nightmares about petitioner telling her that he would kill people if she told anyone about his molestation of her. The victim's brother, D.A.W., who was twelve years old at the time of trial, also testified. D.A.W. testified that petitioner showed him, the victim, and their young cousins a cartoon movie that "had sex in it" and would have the children go into the bedroom to act out what was in the movie. D.A.W. further testified that petitioner had him to hold the victim down so that petitioner could remove the victim's clothes. On February 15, 2001, the jury found petitioner guilty of all twenty counts of the indictment. The circuit court sentenced petitioner to an aggregate sentence of thirty-one to seventy-five years of incarceration.[2]

Subsequently, petitioner filed four petitions for a writ of habeas corpus in the circuit court.

---

[2]As a part of petitioner's third habeas proceeding, the circuit court entered a sentencing order on July 10. 2012, correcting petitioner's sentences for sexual abuse by a parent and thereby reducing his aggregate sentence to twenty-six to seventy years of incarceration.

On November 1, 2002, petitioner filed his first habeas petition which was denied, without a hearing, by order entered on April 9, 2003. Petitioner's appeal of that order was refused by this Court on November 19, 2003. On February 28, 2006, petitioner filed his second habeas petition which was denied, without a hearing, by order entered on October 26, 2006. The circuit court also denied petitioner's motion for appointment of habeas counsel. Petitioner did not appeal the denial of the second habeas petition.

On March 21, 2011, petitioner, by counsel, filed his third habeas petition and a *Losh* checklist waiving any grounds not raised in the petition.[3] Relevant here, petitioner alleged that the indictment was defective and, on March 9, 2012, filed a motion for the disclosure of the grand jury transcript. The circuit court granted the motion, and the grand jury transcript was provided to petitioner on April 19, 2012. On May 3, 2012, petitioner filed a motion to amend the third habeas petition, arguing that the grand jury transcript was not timely provided to him. Petitioner further argued that the transcript showed that (1) there was testimony before the grand jury to support only twelve out of the twenty counts of the indictment; and (2) the grand jury testimony was insufficient because it was non-specific as to the alleged sexual acts and the dates and times the alleged offenses occurred. Finally, at a May 18, 2012, omnibus hearing, petitioner argued that there was a deviation between the proof offered by the State and the indictment returned by the grand jury. The circuit court denied petitioner's motion to file an amended petition, finding that sufficient evidence was presented to the grand jury to indict petitioner on all twenty counts of the indictment. By order entered on August 8, 2013, the circuit court denied the third habeas petition, finding that petitioner failed to offer any evidence that the indictment was invalid on its face and that any evidence tending to show that the indictment contained certain alleged defects was insufficient to vacate petitioner's convictions. In *David W. v. Rubenstein*, No. 13-0891, 2014 WL 2782130 (W. Va. June 19, 2014) (memorandum decision), this Court affirmed the circuit court's August 8, 2013, order, adopting its "well-reasoned findings and conclusions." *Id.* at *5.

As a self-represented litigant, petitioner filed the instant habeas petition—his fourth—on March 17, 2020, alleging ineffective assistance of habeas counsel in his second and third habeas proceedings and a defective indictment. By order entered on April 23, 2020, the circuit court found that petitioner's second habeas proceeding could not constitute the basis of an ineffective assistance of habeas counsel claim because petitioner did not have counsel in that proceeding. With regard to petitioner's third habeas proceeding, the circuit court found that petitioner's argument was not that habeas counsel was ineffective, but that the circuit court's denial of the motion to file an amended petition deprived him of the opportunity to argue that (1) there was testimony before the grand jury to support only twelve out of the twenty counts of the indictment; and (2) the grand jury testimony was insufficient because it was non-specific as to the alleged sexual acts and the dates and times the alleged offenses occurred. The circuit court found that those arguments were raised by petitioner and rejected by the court at the May 18, 2012, omnibus

_____

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), where we set forth the most common grounds for habeas relief. *See* 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

hearing. Accordingly, given that the denial of the third habeas petition was affirmed by this Court in *David W.*, the circuit court dismissed the instant habeas petition and ordered the case removed from its docket.[4]

Petitioner now appeals the circuit court's April 23, 2020, order dismissing his fourth habeas petition. This Court reviews a circuit court order dismissing a habeas petition under the following standards:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).
>
> . . . .
>
> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

Syl. Pts. 1 & 3, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we

---

[4]Following the removal of the case from the circuit court's docket, petitioner filed a motion for the presiding judge's disqualification due to the judge's former employment with the Office of Prosecuting Attorney of Raleigh County. Because the motion was filed after the entry of the circuit court's order dismissing the fourth habeas petition, the court did not act on the motion. Acknowledging that the motion was filed after the dismissal order's entry, petitioner argues that the circuit court should have transmitted the motion to the Chief Justice of this Court for a ruling pursuant to West Virginia Trial Court Rule 17.01(e)(2)(a), which allows for such a transmittal when a motion for disqualification is filed outside the timeframes set forth in Rule 17.01. Respondent disputes petitioner's contention that the presiding judge was involved in petitioner's prior proceedings during the judge's former employment and argues that any failure to follow Rule 17.01 in this case was harmless. We agree with respondent as we have found that a failure to follow proper procedure with regard to a motion for disqualification is subject to a harmless error analysis. *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W. Va. 762, 773, 724 S.E.2d 733, 744 (2012). Here, we find that any failure to follow Rule 17.01 was harmless because, as explained herein, the instant habeas petition was an impermissible successive petition barred by the doctrine of res judicata pursuant to Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

4

have before us the denial of petitioner's *fourth* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing [and] newly discovered evidence[.]

On appeal, petitioner asserts that the grand jury transcript constituted newly discovered evidence and resurrects the argument, that the transcript was not timely provided to him in the third habeas proceeding, originally set forth in the May 3, 2012, motion to amend the third habeas petition in *David W.* As we noted in *David W.*, petitioner was provided the grand jury transcript and argued that "the evidence presented before the grand jury supported [only] twelve counts" of the twenty-count indictment, that "the grand jury testimony was insufficient with respect to specific testimony, dates, and the time of the crimes alleged," and that "the indictment was defective as a matter of law." 2014 WL 2782130, at *2-3 and n.5. In the third habeas proceeding, the circuit court rejected those arguments, denied the motion to amend the third habeas petition, and denied the habeas petition itself, finding that petitioner failed to offer any evidence that the indictment was invalid on its face and that any evidence tending to show that the indictment contained certain alleged defects was insufficient to vacate petitioner's convictions. In *David W.*, we affirmed the denial of the third habeas petition, adopting the circuit court's "well-reasoned findings and conclusions." *Id.* at *5. Accordingly, due to the disclosure of the grand jury transcript in the third habeas proceeding and petitioner's reliance on it therein, we find that the transcript did not constitute newly discovered evidence which would have allowed him to file the instant habeas petition pursuant to Syllabus Point 4 of *Losh*.[5]

We further agree with respondent's position that the other exception to the doctrine of res judicata on which petitioner relies—ineffective assistance of habeas counsel—is not applicable to this case because the circuit court properly found those claims failed to allege ineffective assistance. Rather, petitioner asserted that the circuit court erred in denying his motion for appointment of counsel in the second habeas proceeding and erred in denying the motion to amend the third habeas petition in *David W.* Neither of those rulings is under review in this appeal where petitioner is challenging the denial of his *fourth* habeas petition. Based on our review of the record, we find that petitioner's fourth habeas petition was an impermissible successive petition barred by the doctrine of res judicata pursuant to Syllabus Point 4 of *Losh*. Therefore, we conclude that the

---

[5]In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we found that a circuit court may "summarily deny unsupported claims." 166 W. Va. at 771, 277 S.E.2d at 612. Here, based on our review of the record, we reject petitioner's allegations (1) that the grand jury returned an indictment setting forth only twelve counts; and (2) that the State failed to file the original twelve-count indictment with the circuit court and, instead, filed with the circuit court a fraudulent twenty-count indictment containing an additional eight counts that were not returned by the grand jury. We find that these allegations wholly lack support from the record.

5

circuit court did not err in dismissing the fourth habeas petition.

For the foregoing reasons, we affirm the circuit court's April 23, 2020, order dismissing petitioner's instant petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** April 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISQUALIFIED:**

Justice John A. Hutchison
Justice William R. Wooton

6