**FILED**

**March 9, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**David Tabb,
Petitioner Below, Petitioner**

**vs.) No. 21-0229** (Jefferson County 19-P-69)

**Jefferson County Commission, Administrator
Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner David Tabb appeals the December 23, 2020, order of the Circuit Court of Jefferson County awarding summary judgment to Respondents Jefferson County Commission and the Jefferson County Administrator (collectively "County Commission") on petitioner's amended petition alleging (1) that the County Commission failed to post agendas of its May 2, 2019, and June 6, 2019, meetings at the Charles Town Library in violation of the West Virginia Open Governmental Proceedings Act ("Open Meetings Act"), West Virginia Code §§ 6-9A-1 to 6-9A-12; and (2) that the County Commission failed to comply with the settlement agreement of the parties as memorialized in a June 7, 2014, voluntary dismissal order. The County Commission, by counsel Nathan P. Cochran, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner has filed numerous actions against the County Commission. Relevant here are two of petitioner's prior actions. In *Tabb v. County Commission of Jefferson County* ("*Tabb I*"), No. 15-1155, 2016 WL 6819047 (W. Va. Nov. 18, 2016) (memorandum decision), *cert. denied*,

1

138 S.Ct. 202 (2017), the parties resolved several of petitioner's claims. First, the parties agreed that the Charles Town Library ("library") was the County Commission's official meeting place pursuant to a December 5, 2013, resolution which designated the library as the official meeting place pursuant to West Virginia Code § 51-3-7.[1] *Id.* at *1 and n.1. Next, the parties agreed that the County Commission would display the United States and West Virginia flags outside the library during its meetings pursuant to West Virginia Code § 7-3-2a. *Id.* at *1.[2] Finally, "the parties agreed that [the County Commission] would post adequate notice of its meetings both at the library and the county courthouse." *Id.*

In *Tabb v. Jefferson County Commission* ("*Tabb II*"), No. 17-0095, 2018 WL 1444286 (W. Va. Mar. 23, 2018) (memorandum decision), this Court affirmed the Jefferson County Circuit Court's December 30, 2016, order granting the County Commission's motion for sanctions against petitioner, including limiting his right to initiate a legal proceeding to those instances where he gave advance notice to the prospective opposing parties and obtained the court's approval for the proceeding or initiated the proceeding through a West Virginia attorney. *Id.* at *6. In affirming the December 30, 2016, order, this Court adopted "the circuit court's well-reasoned findings and conclusions which we find clearly show that petitioner has engaged in a course of conduct which demonstrates a clear intention to obstruct the administration of justice[.]" *Id.* at *5.

While the appeal in *Tabb II* was pending, the circuit court, by order entered on February 16, 2018, found that petitioner "continued to file matters" without complying with its December 30, 2016, order. Accordingly, the circuit court ordered that petitioner was required to file every action through a West Virginia attorney. Thereafter, this Court in *Tabb II* affirmed the circuit court's December 30, 2016, order. Petitioner did not appeal the February 16, 2018, order that barred him from representing himself.

In the instant case, petitioner, by counsel, filed yet another petition in the Jefferson County Circuit Court against the County Commission on May 30, 2019, and an amended petition on June 13, 2019. The circuit court, by order entered on June 17, 2019, granted petitioner's motion for

---

[1]West Virginia Code § 51-3-7 provides, in pertinent part, that, if a county courthouse "is not in a condition to be occupied," a county commission may enter an order designating another location as its meeting place. In *Tabb v. County Commission of Jefferson County* ("*Tabb I*"), No. 15-1155, 2016 WL 6819047 (W. Va. Nov. 18, 2016) (memorandum decision), *cert. denied*, 138 S.Ct. 202 (2017), the County Commission stated that its meeting room at the county courthouse is "too small and otherwise unsuitable by modern standards" for it to hold its meetings there. *Id.* at *1 n.1.

[2]In *Tabb v. County Commission of Jefferson County* ("*Tabb I*"), No. 15-1155, 2016 WL 6819047 (W. Va. Nov. 18, 2016) (memorandum decision), *cert. denied*, 138 S.Ct. 202 (2017), this Court affirmed the circuit court's dismissal of petitioner's renewed claim based upon West Virginia Code § 7-3-2a, finding that the County Commission complied with the terms of the settlement agreement regarding the display of the United States and West Virginia flags at the library during its meetings. *Id.* at *4.

leave to file the amended petition. Therein, petitioner alleged that the County Commission failed to post outside the library the agendas for its May 2, 2019, and June 6, 2019, meetings.[3] As a remedy, petitioner asked the circuit court to annul the actions taken by the County Commission at its May 2, 2019, and June 6, 2019, meetings pursuant to the Open Meetings Act.[4]

Also, on May 30, 2019, petitioner filed a motion to disqualify "any and all sitting Jefferson County Circuit Court [j]udges" due to West Virginia Code § 7-3-2 which provides, in pertinent part, that "[t]he county commission of every county, at the expense of the county, shall provide at the county seat thereof a suitable courthouse and jail, together with suitable offices for the judge of the circuit court." Petitioner argued that West Virginia Code § 7-3-2 created a financial relationship between the circuit court and the County Commission, which would cause a reasonable person to question the circuit court's impartiality.

The circuit court did not transmit petitioner's May 30, 2019, disqualification motion for a ruling by this Court's Chief Justice, pursuant to West Virginia Trial Court Rule 17.01, until December 3, 2020. The Chief Justice, by administrative order entered on December 14, 2020, found that "disqualification is not warranted in this case" and denied petitioner's motion for disqualification. Accordingly, the Chief Justice directed Jefferson County Circuit Court Judge David M. Hammer, who was assigned to petitioner's case, to continue preside over it.

While the disqualification motion was pending, the County Commission filed a motion to dismiss the amended petition. Alternatively, the County Commission asked that it be awarded summary judgment based upon the affidavit provided by the Commission's executive administrative assistant, Jessica Carroll. In the affidavit, Ms. Carroll affirmed the following:

> 3. The glass case at the [l]ibrary contains a document that identifies the County Commission's meeting dates and times and serves as notice of those meeting times. This document remains in the glass case at all times.
>
> 4. The [n]otice in the glass case at the library at all times accurately designated the first Thursday of each month at 9:30 AM as one of the County Commission meeting times each month.
>
> 5. Although the [a]genda (only in the glass case at the [l]ibrary) was once late to be posted and once inadvertently not posted (May 2, 2019[,] and June 6, 2019)[,] the [n]otice as described in paragraph 4 above was posted at all relevant times herein.

---

[3]On July 1, 2020, and July 14, 2020, petitioner's counsel filed motions to withdraw from his representation of petitioner, and the circuit court, by order entered on October 13, 2020, granted the motions.

[4]West Virginia Code § 6-9A-6 provides, in pertinent part, that "[t]he court is empowered to compel compliance or enjoin noncompliance with the provisions of [the Open Meetings Act] and to annul a decision made in violation of [the Open Meetings Act]."

3

6. The [m]eeting [a]genda (which is an additional notice) of all County Commission meetings is always distributed through the County Commission's website, email alerts list, and through social [media] sites such as Facebook. The agenda notice is also sent to the main courthouse staff for posting in the glass case at the Courthouse door. These [a]genda notices are posted on the Monday before each Thursday Commission meeting and have been timely posted at all relevant times herein.

7. The [a]genda is also timely posted on the County Commission's website at: http://www.jeffersoncountywv.org/county-government/elected-officials/county-commission/agendas-minutes-and-webcasts//cc-agendas.

On August 1, 2019, petitioner filed a response to the County Commission's motion, and, on August 6, 2019, the County Commission filed a reply. Thereafter, the circuit court, by order entered on December 23, 2020, awarded summary judgment to the County Commission.

Petitioner now appeals the circuit court's December 23, 2020, order awarding the County Commission summary judgment. Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In Syllabus Point 1 of *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994), we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*."

The County Commission argues that this Court should dismiss petitioner's appeal pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides:

*Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

We find that the dismissal of the appeal pursuant to Rule 10(c)(7) is not warranted because we are able to discern that petitioner generally argues that the circuit court erred in awarding summary judgment to the County Commission and that the circuit court failed to comply with West Virginia Trial Court Rule 17.01 with regard to his disqualification motion. We, therefore, address what we have determined to be the essence of petitioner's arguments. *See Franklin v. Pence*, 128 W. Va. 353, 356, 36 S.E.2d 505, 508 (1945) (recognizing that the assignments of error were general in nature making it "difficult to determine the exact points relied upon for reversal[,]" and causing the Court to rely upon "statements in the brief" that were "considered as indicating the main grounds of attack upon the judgment").

However, pursuant to Rule 10(c)(7), we decline to review any issues petitioner attempts to raise as additional assignments of error in his reply. *State v. LaRock*, 196 W. Va. 294, 302, 470

S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Additionally, we decline to review petitioner's arguments based upon the Open Meetings Act. While petitioner mentions the Open Meetings Act in passing, the two statutes on which he relies are (1) West Virginia Code § 7-3-2 which requires the County Commission to provide suitable offices for the circuit court and which formed the basis of petitioner's disqualification motion; and (2) West Virginia Code § 7-3-2a which requires the display of the United States and West Virginia flags at the Jefferson County Courthouse and which formed the basis of one of the claims settled in *Tabb I*. Neither West Virginia Code § 7-3-2, nor West Virginia Code § 7-3-2a constitutes a part of the Open Meetings Act or governs the giving of notice for public meetings. Therefore, in reviewing the award of summary judgment to the County Commission, we exclusively focus on whether the parties' settlement agreement in *Tabb I* required the Commission to post the agendas for its May 2, 2019, and June 6, 2019, meetings at the library.

In Syllabus Point 4 of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" 192 W. Va. at 190, 451 S.E.2d at 756. Petitioner argues that the County Commission violated the parties' settlement agreement in *Tabb I*. Pursuant to the June 7, 2014, voluntary dismissal order in *Tabb I*, the parties agreed that the County Commission would "gain access to a glass encased bulletin board on the outside wall of the library and post *notices* of all county meetings at that location in addition to the current location outside the main [c]ircuit [c]ourt [h]ouse" and that the library's outside bulletin board shall include "a written *notice* of [Commission] meetings scheduled in the [l]ibrary, the hours of operation, the main County Commission phone number[,] and the web address which contains a more detailed agenda and meeting information." (Emphasis added.). As noted in *Tabb I*, "the parties agreed that [the County Commission] would post adequate *notices* of its meetings both at the library and the county courthouse." 2016 WL 6819047, at *1 (Emphasis added.). Therefore, we concur with the circuit court's finding that the plain language of the settlement agreement did not require the County Commission to post the agendas for its meetings outside the library given that the posted notices were required to include the web address at which the Commission's meeting agendas could be obtained.

Based upon our review of the petition and the amended petition, we further concur with the circuit court's finding that petitioner's allegation therein was that the County Commission failed to post the agendas for the May 2, 2019, and June 6, 2019, meetings. Petitioner never alleged that the bulletin board outside the library did not have notices for those meetings or that the notices did not have the information the settlement agreement required them to have.

The affidavit of the County Commission's executive administrative assistant, Ms. Carroll, further established that the notices for the May 2, 2019, and June 6, 2019, meetings were, in fact, posted outside the library "at all relevant times herein" and that the agendas for those meetings could be found at the Commission's website. In syllabus point 3 of *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995), we held that:

5

[i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

As found by the circuit court, petitioner "offered no further factual evidence to rebut Ms. Carroll's affidavit."

Petitioner argues that the circuit court should not have awarded summary judgment in favor of the County Commission prior to a March 12, 2021, hearing that was scheduled after his counsel was permitted to withdraw from this case.[5] However, petitioner acknowledges that the March 12, 2021, hearing was not set to address any discovery issue or the motion for summary judgment. Rather, the purpose of the March 12, 2021, hearing was to address petitioner's lack of representation given that, pursuant to the December 30, 2016, and February 16, 2018, orders in *Tabb II*, he had been barred from representing himself. Therefore, we concur with the circuit court's finding that it was appropriate to rule on the County Commission's motion due to the fact that the motion was fully briefed while petitioner was represented by counsel. Accordingly, based upon the plain language of the parties' settlement agreement in *Tabb I* and Ms. Carroll's affidavit, we conclude that the circuit court properly awarded summary judgment to the County Commission as the record taken as a whole could not lead a rational trier of fact to find for petitioner.

With regard to petitioner's motion for disqualification, the Chief Justice of this Court, in the December 14, 2020, administrative order, denied the motion, finding that there was no basis for the circuit court judge's disqualification. Nevertheless, petitioner argues that the circuit court court's approximately eighteen month delay in transmitting the motion to the Chief Justice violated West Virginia Trial Court Rule 17.01(b), which provides that, upon receipt of a disqualification motion, the circuit court "shall: (1) proceed no further in the matter"; and "(2) transmit forthwith to the Chief Justice a copy of the motion and certificate, together with a letter stating the judge's response to the motion and the reasons therefor, including such matters and considerations as the judge may deem relevant."

The failure to follow procedure with regard to a motion for disqualification is subject to a harmless error analysis. *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County*, 228 W. Va. 762, 773, 724 S.E.2d 733, 744 (2012). In *Shenandoah Sales*, the petitioner in this case, who was the vice president of the plaintiff in *Shenandoah Sales*, attempted to represent the corporation in court even though he was not a licensed attorney. Specifically, in *Shenandoah Sales*, petitioner filed a disqualification motion against the circuit court judge at the same time that he filed an appeal from the Jefferson County Board of Review and Equalization. *Id.* at 772, 724 S.E.2d at 743. This Court in *Shenandoah Sales* found that the circuit court should not have taken any action while

---

[5]*See* footnote three, supra.

the disqualification motion was pending, but the fact the circuit court did so "was harmless and did not affect the outcome of the case." *Id.* at 773, 724 S.E.2d at 744.

Similarly, we find that the delay in transmitting the disqualification motion in this case to the Chief Justice did not change the case's outcome. As in *Shenandoah Sales*, "there was insufficient evidence to warrant the circuit judge's disqualification." *Id.* Also, in the instant case, by the time the circuit court ruled on the County Commission's summary judgment motion, the Chief Justice had directed the circuit court judge to continue presiding, and the record amply supported the award of summary judgment to the Commission. Therefore, we conclude that the delay in the transmittal of the disqualification motion constituted harmless error.

For the foregoing reasons, we affirm the circuit court's December 23, 2020, order awarding summary judgment to the County Commission.

Affirmed.

**ISSUED:** March 9, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

7