IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 6, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH KEEN and MELISSA KEEN,**
**Defendants Below, Petitioners**

**v.) No. 23-ICA-342**  (Cir. Ct. Upshur Cnty. Case No. CC-49-2023-C-AP-4)

**WESTFALL FARMS PROPERTIES, LLC,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners Joseph and Melissa Keen (collectively "the Keens") appeal a June 29, 2023, order of the Circuit Court of Upshur County finding for the landlord Respondent Westfall Farms Properties, LLC ("Westfall Farms"). This order was entered following a bench trial and an appeal of a judgment from magistrate court, which also found for Westfall Farms. No response was filed.[1] The issue on appeal is whether the circuit court erred in conducting this bench trial.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the circuit court's decision but no substantial question of law. Therefore, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the circuit court's decision is affirmed in part, vacated in part, and remanded.

The Keens were tenants in a rental home in Buckhannon, West Virginia, owned by Rebecca and Trenton Westfall, who are the managing members of Westfall Farms.[3] On

---

[1] The Keens are self-represented.

[2] We recognize our limited and circumspect review of a circuit court order in an uncontested appeal, like this one, where the respondent failed to participate on appeal to support the order.

[3] This Court notes that most of the documents provided by the Keens in the appendix record were not presented to the circuit court below. The exhibits from the bench trial were

May 1, 2017, Ms. Keen and Mr. Westfall entered into a one-year lease for a rental unit. After the first year, Ms. Keen entered into a month-to-month lease with Mr. Westfall. At some point during the multi-year tenancy, the property's ownership was transferred to Westfall Farms. Ms. Keen signed a yearly lease with Westfall Farms until 2019, when the lease became month-to-month. Mr. Keen was not a signatory to the lease but was listed as a household member.

Next, on January 1, 2023, the parties signed a new lease which Ms. Keen states contained new terms. She did not like these new terms but signed the lease anyway and proceeded to find another place to live. On May 1, 2023, she alerted Mr. Westfall via text message that she was moving. Mr. Westfall responded as follows: "Hate to see you guys go. I will consider this your 30 days' notice. Please understand you are still obligated for this month's rent. I will get with you about the security deposit once you are out and we check things out." The Keens began moving almost immediately.

On May 5, 2023, at around 4:00 p.m. or 5:00 p.m., Ms. Westfall alleges she arrived at the rental home and found the front door wide open. There were garbage bags in the home, no beds, and no sign of anyone living there. She secured the property, placed a notice to vacate on the door, which specified the sections of the lease that were violated, and ordered the Keens to vacate the property immediately. On May 6 or 7, 2023, the Westfalls changed the locks because they did not have keys to the property and wanted to ensure the property was secure.

On May 9, 2023, Ms. Westfall, appearing on behalf of Westfall Farms, filed a Petition for Summary Relief pursuant to West Virginia Code § 55-3A-1 (1983) in the Magistrate Court of Upshur County seeking damages for the alleged wrongful occupation of the rental property. On May 19, 2023, the magistrate entered a civil judgment order in favor of Westfall Farms. The Keens were ordered to pay $850.00 for rent for the month of May 2023, $170.00 for rent late fees, $150.00 for lawn care, and $200.00 for trash removal which totaled $1,370.00 plus $120.00 in court costs. The Keens were further ordered to vacate the property and remove their belongings by May 31, 2023, at 6:00 p.m. The magistrate amended the order the same day to add that Ms. Keen's father could remove her property from the residence.

The Keens appealed this judgment to the circuit court, and the circuit court held a bench trial on June 21, 2023. The circuit court allowed Ms. Westfall to appear on behalf of Westfall Properties. At trial, Ms. Westfall testified that the Keens violated the lease as follows: failing to provide thirty days' notice because the Keens moved out of the home before May 5, 2023; failing to pay rent for May 2023; failing to mow the lawn; and

---

supplemented on the record by this Court's Clerk of the Court. Further, the Keens allege they mailed a DVD video, but it was never received by the Clerk.

damaging the flooring and subfloor with pet urine which required the flooring to be replaced. In opposition, Ms. Keen testified that she had paid rent late previously without issue. However, she admitted the May 2023 rent was never paid. Ms. Keen also testified that she intended to remove all her belongings and clean the property, but the Westfalls changed the locks before she could return. Finally, she admitted the doors to the property had been left unlocked but disputed that the front door was left open or that the property appeared abandoned.

On June 29, 2023, the circuit court entered its final order and found in favor of Westfall Farms. The circuit court found that the Keens violated their lease agreement by abandoning the leased property and by failing to pay rent for the month of May 2023. The circuit court awarded the same damages as the magistrate court: $850.00 for May rent, $170.00 for rent late fees, $150.00 for lawn care, and $200.00 for trash removal, plus $120.00 in court costs. It is from this order that the Keens now appeal.

We apply the following standard for reviewing an order entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). *See also Wills v. Bayview Loan Servicing LLC*, No. 19-0701, 2020 WL 5092916, at *2 (W. Va. Aug. 28, 2020) (memorandum decision).

The Keens assert two assignments of error. First, the Keens argue the circuit court erred in permitting their constructive and unlawful eviction. Specifically, they argue the circuit court should not have ordered them to pay rent for May 2023 when they were locked out of the property before the end of the month. We agree. Pursuant to West Virginia Code § 37-6-6(a) (1999),

> [i]f any tenant from whom rent is in arrears and unpaid abandons the leased property, the landlord or his or her agent shall post a notice in writing in a conspicuous part of the property, requiring the tenant to pay the rent within one month. If the rent is not paid within that time, the landlord shall be entitled to possession of the property, and may enter thereon, and the right of the tenant to the leased property shall end. The landlord may recover the rent owed up to the time when he or she became entitled to possession.

3

Here, the circuit court concluded that the rental property was abandoned despite Westfall Farms' failure to follow the requirements of West Virginia Code § 37-6-6(a). The circuit court further found that Ms. Westfall changed the locks on the property around May 6 or 7 of 2023, and then prevented the Keens from accessing the property from that date forward. The circuit court then ordered the Keens to pay $850.00 for rent for the entirety of the month of May 2023 even though it is undisputed the Keens were unable to re-enter the property. Since Westfall Farms had taken possession and denied the Keens access, rent should not be recovered for this entire period. Accordingly, we vacate the award of $850.00 for rent and of $170.00 in late fees and remand to the circuit court for the calculation of prorated rent and associated fees due for the portion of the month of May 2023 prior to the constructive eviction by Westfall Farms, including any additional proceedings, as necessary.

Next, the Keens' second assignment of error asserts that the magistrate and circuit courts failed to provide a fair and impartial trial. The Keens allege a variety of issues occurred here, including that the magistrate court held an ex parte meeting with Mr. Westfall prior to the hearing, that the circuit court's evidentiary rulings were both wrong and inconsistent, and that Westfall Farms was allowed to appear without an attorney.[4] However, these arguments fail to "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal" in compliance with Rule 10(c)(7) of the Rules of Appellate Procedure. Further, a review of the bench trial transcript shows that these errors were not raised below, and the Keens have failed to show otherwise. Accordingly, we decline to consider these alleged errors which were not preserved below. *See State v. Costello*, 245 W. Va. 19, 26, 857 S.E.2d 51, 58 (2021) ("In general, a party who has not raised a particular issue or defense below may not raise it for the first time on appeal.").

In summary, we find no error in and affirm the circuit court's award of $150.00 for lawn care and $200.00 for trash removal. However, we vacate the award of $850.00 for rent and of $170.00 in late fees and remand for further proceedings, as necessary for the circuit court to determine a pro-ration from the date the Keens were prevented access to the property. Accordingly, we affirm in part and vacate in part the Circuit Court of Upshur County's June 29, 2023, order and remand for further proceedings consistent with this decision.

Affirmed, in part, Vacated, in part, and Remanded with instructions.

---

[4] This Court notes that "it is a well-settled legal principle that a corporation must be represented by a lawyer in a court of record." *Shenandoah Sales & Serv., Inc. v. Assessor of Jefferson Cnty.*, 228 W. Va. 762, 766, 724 S.E.2d 733, 737 (2012).

4

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen

**DISSENTING:**

Judge Daniel W. Greear


GREEAR, JUDGE, dissenting:

I must respectfully dissent from the majority decision. I would find that the circuit court erred in allowing a limited liability company ("LLC") to appear and conduct a bench trial before it without representation from a licensed attorney.

Rule 4.03 of the West Virginia Trial Court Rules states

[e]very party to proceedings before any court, except parties appearing pro se, shall be represented by a person admitted to practice before the Supreme Court of Appeals of West Virginia and in good standing as a member of its bar and may be represented by a visiting attorney as provided in Rule 4.02.

The Supreme Court of Appeals of West Virginia ("SCAWV") has held that a corporation must be represented by a lawyer in circuit court. *See* Syl. Pt. 1, *Shenandoah Sales & Services, Inc. v. Assessor of Jefferson County*, 228 W. Va. 762, 724 S.E.2d 733 (2012). The SCAWV has not decided this issue with respect to an LLC. However, the same logic would apply. In reasoning that a corporation must be represented by a licensed attorney, the SCAWV has stated that "a non-lawyer's lack of legal expertise could frustrate the continuity, clarity and adversity which the judicial process demands." *See Shenandoah*, 228 W. Va. at 767, 724 S.E.2d at 738 (internal quotations and citations omitted). Attorneys, unlike lay agents, are subject to the professional rules of conduct and are subject to disciplinary action. *Id.* Further, "[a] corporation is not a natural person. It is an artificial entity created by law. Being an artificial entity, it cannot act *pro se*. It must act in all of its affairs through an agent or representative." *Id.* Similarly, the owners of Westfall Farms are not licensed attorneys. They are agents of the LLC, not representatives of their own interest. Additionally, an LLC, like a corporation, is not a natural person, but an artificial entity that cannot act *pro se*. [5]

---

[5] The State of West Virginia Office of the Attorney General has opined that LLC's must be represented by counsel when appearing before a West Virginia Circuit Court. *See*

This case came before the circuit court on appeal following a magistrate court proceeding. The circuit court erred in holding a bench trial in which Westfall Farms was allowed to proceed *pro se*. The result of this trial was the judgment now being appealed by the Keens. Upon receipt of this appeal, the circuit court should not have allowed Westfall Farms to proceed without counsel. Wherefore, I respectfully dissent.

**CONCURRING:**

Chief Judge Thomas E. Scarr

SCARR, CHIEF JUDGE, concurring:

Although I concur with this Memorandum Decision both in terms of the analysis and the overall decision, I do want to write separately for the sole purpose of expanding on the point made in footnote 4 that a corporation, including a limited liability corporation, cannot be represented in a court of record by a non-lawyer. They can only be represented by a licensed attorney admitted to practice in West Virginia, and, to that extent, I must agree with the related comments in Judge Greear's dissent.

---

Opinion of Attorney General's Office Regarding the Authority of Unlicensed Individuals to Practice Law in West Virginia Circuit Courts on Behalf of Limited Liability Companies, Op. W. Va. Att'y Gen (May 6, 2014).