# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEPHEN U.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-506**     (Cir. Ct. of Kanawha Cnty. Case No. CC-20-2024-C-1334)

**CAREN J.,**
**Respondent Below, Respondent**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephen U.[1] appeals the December 9, 2024, order of the Circuit Court of Kanawha County, which dismissed sua sponte petitioner's Petition for Construction of Statute and Declaration of Rights (the "petition"). The circuit court found that the petition was barred by the doctrines of collateral estoppel and res judicata. Respondent did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we note that this appeal is yet another attempt by petitioner to divest respondent of her status as mother of petitioner's children based on the unrelenting assertion that petitioner is the biological mother of the children, and that respondent is merely a gestational surrogate who was improperly designated as the children's mother on their birth certificates pursuant to West Virginia Code § 16-5-10(e) (2006).[3] Because the

---

[1] Consistent with the Supreme Court of Appeals of West Virginia's long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R., II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner is self-represented on appeal.

[3] West Virginia Code § 16-5-10(e) states: "For the purposes of birth registration, the woman who gives birth to the child is presumed to be the mother, unless otherwise specifically provided by state law or determined by a court of competent jurisdiction prior

1

history of the parties and their children has been thoroughly addressed in prior decisions of the Supreme Court of Appeals of West Virginia ("SCAWV"), a recitation of the facts is unnecessary.

These matters were first addressed by the SCAWV in *S.U. v. C.J.* ("*S.U. I*"), No. 18-0566, 2019 WL 5692550 (W. Va. Nov. 4, 2019) (memorandum decision) wherein the SCAWV affirmed the Family Court of Mason County's determination that the parties' purported gestational surrogacy agreement was unenforceable, and that respondent is the legal mother of the children. *Id.* at *5. In *S.U. I*, the SCAWV also specifically found: "Our review of the record uncovers no error. . . . Succinctly stated, [petitioner] failed to submit competent evidence to overcome the presumption set forth in West Virginia Code § 16-5-10(e) that 'the woman who gives birth to the child is presumed to be the mother[.]'" *Id.* at *4.

Since *S.U. I*, petitioner has relitigated those issues in subsequent litigation and appeals. However, those attempts have been soundly rejected by the SCAWV, often on res judicata grounds. *See S.U. v. C.J.* ("*S.U. II*"), No. 19-1181, 2021 WL 365824 (W. Va. Feb. 2, 2021) (memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption I*"), No. 20-0039, 2021 WL 4935772 (W. Va. Oct. 13, 2021) (memorandum decision); *In re The Children of: S.U. v. C.J.* ("*S.U. III*"), Nos. 20-0515, 20-0516, 20-0612, and 20-0710, 2021 WL 4936476 (W. Va. Oct. 13, 2021) (memorandum decision); *In re Adoption of E.U., L.U.-1, and L.U.-2* ("*Adoption II*"), No. 21-0165, 2022 WL 293352 (W. Va. Feb. 1, 2022) (memorandum decision); *In re S.U.* ("*S.U. IV*"), No. 21-0258, 2022 WL 1556113 (W. Va. May 17, 2022) (memorandum decision); *see also S.U. v. Cent. Atl. Legal Grp.*, No. 20-1006, 2022 WL 293551 (W. Va. Feb. 1, 2022) (memorandum decision) (affirming circuit court's determination that petitioner is a vexatious litigant based upon petitioner's repeated attempts to relitigate issues involving C.J. and the children, including suing the law firm representing C.J. and raising the same arguments regarding surrogacy and the birth certificates); *S.U. v. C.J.* ("*S.U. V*"), No. 21-0322, 2022 WL 3905107 (W. Va. Aug. 30, 2022) (memorandum decision) (affirming the lower court's imposition of prefiling injunction against petitioner); *S.U. v. Cent. Atl. Legal Grp.*, No. 22-0441, 2023 WL 6862166 (W. Va. Oct. 18, 2023) (memorandum decision) (affirming circuit court's imposition of attorney's fees and costs against petitioner based upon vexatious conduct). Moreover, petitioner was recently unsuccessful in his attempt to raise the same issues before this Court. *See Stephen U. v. State*, No. 24-ICA-326, 2025 WL 1249486 (W. Va. Ct. App. Apr. 29, 2025) (memorandum decision) (concluding that petitioner's claims were barred by the doctrine of res judicata).

---

to the filing of the certificate of birth." Further, we note that although this provision was not substantively affected by the recent amendments to West Virginia Code § 16-5-10 (2024), we refer to the former version of the statute because it was in effect at the time the birth certificates were issued.

In its rulings on petitioner's subsequent appeals, the SCAWV has reiterated two important rulings from *S.U. I*: "The first is that there was never a valid, enforceable gestational surrogacy agreement between petitioner and respondent . . . The second is that respondent is the legal mother of all four children." *S.U. III*, 2021 WL 4936476, at *1 (citations and quotations omitted); *Adoption II*, 2022 WL 293352, at *1 (citations and quotations omitted); *S.U. V*, 2022 WL 3905107, at *1 (citations and quotations omitted). *See also S.U. IV*, 2022 WL 1556113, at *1 ("Further, we have stressed that respondent 'is the legal mother of all four children.'") (citations omitted).

As to the present case, petitioner filed the petition on December 4, 2024, which challenged the designation of respondent as the mother of petitioner's children on their birth certificates pursuant to West Virginia Code § 16-5-10(e), as well as sought a declaratory judgment that petitioner was the biological and legal mother of the children. On December 9, 2024, the circuit court entered the order presently on appeal. In that order, the circuit court noted that petitioner's claims had all been previously litigated in *S.U. I*, and that the SCAWV regularly applied the doctrine of res judicata to dispose of petitioner's many attempts to relitigate those same claims in subsequent appeals. Thus, the circuit court determined that in the interest of judicial economy, it was dismissing the action sua sponte, finding that the doctrines of collateral estoppel and res judicata barred petitioner's claims. This appeal followed.

When reviewing an appeal which stems from a circuit court's *sua sponte* dismissal of a petition or complaint, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997); *Shenandoah Sales & Serv., Inc. v. Assessor of Jefferson Cnty.*, 228 W. Va. 762, 766, 724 S.E.2d 733, 737 (2012) (applying standard of review to circuit court's sua sponte dismissal of case).

On appeal, petitioner raises two assignments of error to challenge the circuit court's decision to dismiss the petition. First, it is argued that the circuit court's order usurped petitioner's fundamental right to litigate the parentage of the children. On this issue, petitioner once again asserts that respondent is simply a gestational surrogate, petitioner is the mother of the children, and that West Virginia Code § 16-5-10(e) was misapplied to identify respondent as mother on the children's birth certificates. Similar to petitioner's earlier appeals to the SCAWV and this Court, it is argued that these errors have violated petitioner's constitutional rights. We decline to consider any of these contentions. Rather,

we find that petitioner's repackaged arguments are nothing more than thinly-veiled attempts to relitigate *S.U. I*. To that end, we join in the sentiment expressed by the SCAWV to reject petitioner's several efforts to divest respondent's status as the children's mother. As the SCAWV reasoned in *S.U. III*:

> In [petitioner]'s current appeals, petitioner makes extended arguments that [petitioner]'s constitutional rights have been violated by the family court's decision to elevate the rights of a gestational surrogate above the rights of the natural parent. It is unnecessary to address these arguments, however, because the bedrock upon which they are constructed is fatally flawed. Petitioner must recognize that respondent is the children's mother, as we have repeatedly stressed, and this Court will continue to refuse to entertain any arguments based on his assertion that she is simply a gestational surrogate, an assertion that lacks an evidentiary basis in any record before this Court.

*S.U. III*, 2021 WL 4936476, at *3. Accordingly, we find no error.

As his final assignment of error, petitioner avers that the circuit court erred in its application of collateral estoppel and res judicata to dismiss the petition. We disagree.

Based upon our established standard of review, we review the circuit court's ultimate dismissal for an abuse of discretion, the circuit court's factual findings for clear error, and the application of res judicata and collateral estoppel de novo. *Walker* at 108, 492 S.E.2d at 167, syl. pt. 2. We begin our analysis by distinguishing these two legal principles.

First, with respect to res judicata, also known as claim preclusion, we apply the following three-factor test:

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W. Va. 469, 498 S.E.2d 41 (1997).

Whereas collateral estoppel, otherwise known as issue preclusion, involves the application of a four-part test:

4

Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). As explained below, we conclude that res judicata and collateral estoppel preclude petitioner's litigation of all the claims raised in the petition.

In that respect, we first consider the parties in this case to those in the parties' prior litigation. Res judicata requires that the prior and current litigation must involve the same parties or parties in privy. Collateral estoppel merely requires the party against whom the doctrine is invoked to have been a party or in privity. We find that these factors are easily met in this case. It is more than transparent from *S.U. I* and its progeny, that petitioner has a long history of initiating litigation against respondent regarding their children. Therefore, this res judicata factor has been satisfied. Moreover, because petitioner, the party against whom the doctrine of collateral estoppel was invoked, was named as either the petitioner or plaintiff throughout *S.U. I* and its progeny, this factor is met under collateral estoppel.

Next, we must compare petitioner's current claims in this action with those from his prior cases. For the purposes of res judicata, the issue is whether petitioner's claims are identical to the claims in the prior actions or whether petitioner's current claims could have been resolved, had they been presented, in the prior action. Conversely, collateral estoppel requires that the claim in the present case be identical to the claim presented in the prior litigation.

Here, petitioner attempts to differentiate *S.U. I* from the current case by claiming that *S.U. I* was a family court action regarding custody, whereas the present case is a circuit court action seeking a declaratory judgment regarding the constitutionality of West Virginia Code § 16-5-10(e), as well as the court's interpretation and application of the statute to determine the proper designation of maternity on the children's birth certificates. As this Court has previously established, petitioner's claims in the present case are simply repackaged claims which were raised and decided by the SCAWV in *S.U. I* or they are alternative claims, which were soundly rejected by the SCAWV in one of petitioner's many subsequent appeals.[4] In other words, petitioner's claims in this case are tedious and cannot

_____

[4] Petitioner also asserts that res judicata and collateral estoppel do not apply because the family court lacks jurisdiction to decide the issues raised in the present case. This contention also fails for the same reasoning set forth above. Not only does the current petition raise claims previously decided in *S.U. I* but the SCAWV has already found that the family court properly decided this issue. *See S.U. I*, 2019 WL 5692550, at *5 (rejecting

5

escape the preclusive effect of either doctrine. Thus, we conclude this requirement has been satisfied.[5]

Our final consideration is whether there was a ruling on the merits in the prior action by a court of competent jurisdiction. In the present case, petitioner's claims were previously decided on the merits by the SCAWV in *S.U. I*. In that decision, the SCAWV expressly found that the family court had jurisdiction to decide the issues in that case. *See S.U. I*, 2019 WL 5692550, at *5. Moreover, the finality of *S.U. I* has been repeatedly noted by the SCAWV when rejecting petitioner's exhaustive attempts to revive these issues in subsequent appeals. In those cases, the SCAWV determined that petitioner's claims were either barred by the doctrine of res judicata or were an otherwise unsuccessful attempt to relitigate *S.U. I*. Those orders all constitute final adjudications on the merits. We further conclude that there is nothing within the procedural history of those cases, nor in the appellate record, to suggest that petitioner did not have a full and fair opportunity to previously litigate the claims raised in the instant case. Therefore, we find the circuit court did not err in applying res judicata and collateral estoppel to the matter below, and that the circuit court did not abuse its discretion in dismissing the petition in its entirety.[6]

Accordingly, the circuit court's December 9, 2024, order is affirmed. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Affirmed.

---

petitioner's argument that the family court lacked jurisdiction to decide the matter); *S.U. IV*, 2022 WL 1556113, at *4 (noting petitioner's claim that the family court lacked jurisdiction to decide *S.U. I* to be false and reiterating that the family court properly exercised its jurisdiction to arrive at its determinations in *S.U. I*.).

[5] Similar to the SCAWV's position in *S.U. III*, this Court will decline to consider any argument premised upon petitioner's stale and vexatious attempts to resurrect the argument that respondent is a gestational surrogate, or any other issue decidedly determined by *S.U. I* and its progeny.

[6] During the pendency of this appeal, petitioner filed two notices of additional authorities in this case identifying newly enacted legislation, West Virginia Code §§ 5-32-1 to -9 (2025) and West Virginia Code § 49-12-1 to -5 (2025), which petitioner contends are germane to the Court's review. However, other than offering the general assertion that the statutes apply, petitioner offers no substantive analysis as it relates to established facts from the record to support the contention that the statutes are relevant to the case. This Court will not presume facts not in the record. As such, we decline to consider those authorities in this appeal. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("issues which are . . . mentioned only in passing . . . are not considered on appeal").

6

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

7